PRINCETON MINING COMPANY *v.* EARLEY.

[No. 17,133.   Filed November 19, 1943.   Rehearing Denied December 16, 1943.   Transfer Denied January 17, 1944.]

*Hays & Hays, Alonzo C. Owens, John S. Taylor,* and *J. Olias Vanier,* all of Sullivan, for appellant.

*Claude A. Smith* and *Arthur S. Wilson,* both of Princeton, for appellee.

FLANAGAN, J.—Appellee filed his claim with the Industrial Board asking an award against appellant for a permanent partial impairment to the right hand. On October 13, 1942, the date set for hearing, attorneys for the parties appeared with a stipulation as to all essential facts. It fixed the amount of impairment at 20% of the hand as a whole. The hearing member, after reading the stipulation, said, "Gentlemen, according to the way I see this case now, I can not write an award following that stipulation. I do not think it would be fair to the plaintiff." Appellant and appellee then each called in a doctor who testified as to the amount of impairment and the appellee testified as to the nature of his injury. The hearing member then took the cause under advisement.

On December 2, 1942, the hearing member made the following finding and order:

"BE IT REMEMBERED, that pursuant to notice fixing the time and place therefor, this case was called for trial before Warren W. Martin, Chairman of the Industrial Board of the State of Indiana, at 11:00 o'clock a. m., October 13, 1942, at Princeton, Gibson County, Indiana, on plaintiff's Form 14 application, filed with the Industrial Board on August 31, 1942, asking for review of said award on account of a change in condition on

the ground that he has sustained a permanent partial impairment on account of said injury.

"The plaintiff was present in person and was represented by his attorney, Claude A. Smith. The defendant was represented by its attorneys, Hays & Hays by John S. Taylor.

"The Hearing Member, after hearing the stipulation of the parties, is not willing to follow the stipulation as to a 20% permanent partial impairment to the hand in question, and is of the opinion that notwithstanding the fact that he had had previous accidents, he still had an industrial hand; that the accident in question has left him with a permanent partial impairment that has destroyed his hand for industrial purposes; that the 20% permanent partial impairment to the hand below the elbow in the opinion of the Hearing Member is not sufficient in view of plaintiff's not being able to use his hand.

"In view of not being able to follow the stipulation of the parties, the Hearing Member now continues this case to be reset for further hearing, giving both sides an opportunity to present all the evidence they care to present and make whatever record they care to make in said case."

The case was reset for December 23, 1942, and considerable testimony bearing upon the amount of impairment was introduced by both sides. The hearing member then found that appellee had an 85% impairment of the right hand below the elbow, but that 35% of it had been suffered when he was a child. The award which followed was based upon a fifty per cent impairment. A review by the full board resulted in the same finding and award.

Appellant contends (1) that the board was bound by the stipulation of the parties and could not find an impairment other than 20%, and (2) that the board was bound to find that the impairment suffered as a child amounted to 47½% instead of 35%.

When, upon a hearing in a compensation case, a stipulation of facts is entered into within the authority of counsel, it is, unless and until it is set aside or withdrawn, binding and conclusive between the parties and upon the Industrial Board. *Schreiber* v. *Rickert* (1943), *ante*, p. 55, 50 N. E. (2d) 879; *Barker* v. *Reynolds* (1932), 94 Ind. App. 29, 179 N. E. 396.

We think it is clear that when the hearing member stated that he could not write an award following the stipulation and made a finding that he was not willing to follow the stipulation as to a 20% impairment to the hand, he did in effect set aside the stipulation on that point. Did he have authority to do so?

The Workmen's Compensation Act, § 40-1508, Burns' 1933, § 16433, Baldwin's 1934, provides that an agreement in regard to compensation shall be enforceable as a court decree only if approved by the Industrial Board. An award cannot therefore be demanded from the board upon an agreement which it does not approve.

A stipulation as to a fact is an agreement between the parties as to that fact. If the parties cannot bind the board by a full agreement in regard to compensation, it necessarily follows that they cannot bind the board by an agreement as to part of the facts which must be established for an award. Otherwise the purpose of the statute could be avoided by agreeing to all the facts except one, and selecting as the one a fact about which there could be no disagreement.

The authority to reject the whole of an agreement must logically include the authority to reject a part. If a part is rejected the parties have the right to withdraw the balance or they may permit the balance to

stand and submit evidence as to the part rejected. This does not affect the rule that a stipulation is binding unless withdrawn or set aside. Of course the board cannot permit a stipulation to stand and then find contrary to it. By permitting it to stand the board in effect approves it. If it is to be rejected the parties are entitled to know it and to have an opportunity to marshall their evidence on the point.

In this case the parties chose to permit the unrejected part of their stipulation to stand and to submit evidence on the rejected part. The board did not err in basing its finding on the evidence submitted instead of on the stipulation.

The language used in the case of *Mid-City Iron, etc., Co.* v. *Turner* (1929), 89 Ind. App. 38, 165 N. E. 760, and *Kunkler* v. *Mauck* (1940), 108 Ind. App. 98, 27 N. E. (2d) 97, concerning the binding effect of a stipulation, must be considered against the background of the facts and questions involved, and should not be construed to mean that a stipulation is binding even though withdrawn or set aside by proper action of counsel or the board.

When five years old appellee lost by severance a part of the distal phalanx of the index finger, all of the middle finger, and all of the ring finger. The Workmen's Compensation Act, § 40-1303, Burns' 1933, § 16407, Baldwin's 1934, provides that compensation shall be paid for the loss by amputation of one-half of the index finger 20 weeks, the entire second finger 35 weeks, the entire ring finger 30 weeks, and of the hand below the elbow joint 200 weeks.

Appellant reasons that since the act puts a value of 85 weeks on the losses sustained by appellee as a child, and 200 weeks on the loss of the entire hand, and since 85 is 42½% of 200, the appellant suffered 42½% im-

pairment to the hand in his childhood accident. It suggests that to this should be added 5% for generalized impairment, bringing the total to 47½% instead of the 35% found by the board. The board found that after the accident involved in this case appellee's total impairment was 85%. Deducting 47½% from 85% would make 37½% as the amount chargeable to appellant instead of the 50% found by the board.

Assuming that the board is bound to use the suggested formula, consideration must still be given to the fact that after a 47½% loss of the hand as a child, a person could, by proper training, improve the use of the remaining part so as to make the hand more than 52½% useful and thus correspondingly reduce the value of the loss. This does frequently occur. In the instant case there is evidence from which the board could conclude that appellee did reduce his loss by as much as 12½% of the usefulness of the hand as a whole. We cannot say that the finding of the board as to the percentage of loss is not sustained by sufficient evidence.

Award affirmed with 5% increase.

NOTE.—Reported in 51 N. E. (2d) 382.