**Elsie (Adkins) DUVALL,
Appellant–Plaintiff,**

v.

**ICI AMERICAS, INC., Appellee–
Defendant.**

**No. 93A02–9110–EX–468.**

Court of Appeals of Indiana,
Fifth District.

April 15, 1992.

Stephen W. Voelker, Jeffersonville, for appellant-plaintiff.

Peter J. Sewell, Segal and Shanks, Jeffersonville, for appellee-defendant.

BARTEAU, Judge.

Elsie Duvall worked at ICI Americas (ICI) from January 1980 through September 1987. During the early years of her employment with ICI, Duvall suffered a "trigger thumb" injury on her right hand. In October of 1983 a hearing officer determined the injury to be work-related and ordered ICI to pay Duvall's medical expenses. Duvall continued at ICI and in September of 1984 sought the services of Dr. Kasden in relation to pain in her right hand. Dr. Kasden diagnosed carpal tunnel syndrome and imposed certain restrictions, including a five pound lifting restriction. The parties stipulated that Duvall suffered a work-related carpal tunnel syndrome to the right hand and wrist that was symptomatic by March of 1983. Duvall continued working at ICI until September 1987. At that time, her job was altered to include lifting loads in excess of five pounds. Duvall refused to do the additional lifting. ICI, unable to find another job for Duvall within her weight restrictions, terminated her.

Duvall collected unemployment and later worked at several jobs, mostly in the food industry. In September of 1989 Duvall filed a claim with the Worker's Compensation Board alleging that "repeated trauma on the job to my hand caused carpel [sic] tunnel syndrome" and seeking temporary total disability benefits.

Duvall's claim was denied by a single Board member. The full Board then adopted and affirmed the single Board member's decision. Duvall now seeks judicial review of the Board's decision.

On appeal from a decision by the Worker's Compensation Board, we review the Board's decision to determine whether the evidence supports the findings of fact of the Board and whether the findings of fact support the decision. *Rockwell International v. Byrd* (1986), Ind.App., 498 N.E.2d 1033. In the case before us, the determination of the single Board member, later upheld by the full Board, is unsupported by the findings of fact. Specifically, the findings of fact are incompatible.

The parties stipulated, in writing, that Duvall suffered "a work-related carpal tunnel syndrome to the right hand and wrist that was symptomatic by March 28, 1983." The hearing officer, in his ruling, adopted the written stipulation as a finding. Thus, one of his findings became that Duvall's carpal tunnel syndrome was work-related. Appearing later in his ruling, and ultimately becoming the basis for denial of Duvall's claim, is a finding that Duvall "did not meet her burden of proof in showing that her present carpal tunnel syndrome arose out of her employment." This dichotomy precludes meaningful review of this claim, and thus necessitates remand to the Board for further proceedings.

> [T]he central purpose of the statutory fact finding requirement is to reveal the factual basis for the Board's decision and its resolution of sub issues and factual disputes which bear upon the employee's claim. This requirement serves several useful purposes. It insures that the parties are apprised of the reason for the Board's decision. Specific and complete findings also allow a reviewing court to fully utilize the Board's expertise. They facilitate an informed, intelligent, and speedy review, which ultimately lessens the case burden of both the Board and the courts, and preserve the integrity of the Board's decisions by insuring that our review is limited to the findings. [citation omitted]

*Wanatah Trucking v. Baert* (1983), Ind. App., 448 N.E.2d 48.

A stipulation is not binding upon the parties until it is approved or adopted by the Board. *Princeton Mining Co. v. Earley* (1943), 114 Ind.App. 343, 51 N.E.2d 382, 383. The Board has the authority to reject an entire stipulation or any part thereof. *Id.* If the Board rejects a stipulation, it must inform the parties and allow them the opportunity to present evidence. *Id.* The Board cannot, however, "permit a stipulation to stand and then find contrary to it." *Id.* That is precisely the situation before us. We could presume, based on the ultimate ruling, that the Board did not intend to adopt the parties' stipulation that Duvall's injury was work-related. However, we refuse to engage in mere speculation and second-guess the intentions of the Board.

Thus, this case must be remanded to the Board for further consideration. If the Board rejects the parties' stipulation, it must notify the parties it is doing so and permit them to present evidence on the no-longer stipulated issues. If the Board accepts the stipulation, then it must proceed to the other issues raised, such as whether Duvall is "totally disabled" and thus entitled to temporary total disability benefits and whether the two-year statute of limitation bars this action. Because the Board determined that the carpal tunnel syndrome was not work-related, these issues were not addressed.

Reversed and remanded for proceedings consistent with this opinion.

RUCKER and BUCHANAN, JJ., concur.