Terry **THIELLEN**, Appellant (Plaintiff Below),

v.

Cathy **GRAVES**, Appellee (Defendant Below).

No. 05A02–8710–CV–410.

Court of Appeals of Indiana, Second District.

Nov. 30, 1988.

Arden W. Zobrosky, Ann E. Zobrosky, Zobrosky & Zobrosky, Marion, for appellant.

David S. Wallace, Warner, Wallace, McLaren & Dague, Muncie, for appellee.

SHIELDS, Presiding Judge.

Terry Thiellen appeals an adverse judgment on his personal injury claim.

We affirm.

## FACTS

Terry Thiellen and Cathy Graves were involved in a motor vehicle accident on July 17, 1984. Both parties were employed by the Marion, Indiana plant of Chevrolet Pontiac of Canada Group. Both Thiellen and Graves clocked out for their unpaid evening lunch break at approximately 8:00 p.m. on the day of the accident. Thiellen rode his motorcycle from the motorcycle area of the plant's parking lot, through the

---

1. Thiellen testified that he "got hit in the a—end" and was "throwed 60 feet." Record at 49.

2. IC 22–3–2–2 *et seq.* (1988).

car lot, toward the exit gate and a public highway. He followed two semi-trucks which were also leaving the plant; Graves's automobile was behind him. While both vehicles were still within plant property, Graves's automobile struck Thiellen's motorcycle. Upon impact, Thiellen was catapulted beyond plant property.[1]

Thiellen brought the present action against Graves to recover for injuries sustained as a result of the collision. Graves's motion for summary judgment was granted on the ground that worker's compensation was Thiellen's exclusive remedy.

## ISSUE

Thiellen argues the trial court erred in granting summary judgment against him on the grounds that the Worker's Compensation Act[2] provides the exclusive remedy for his injuries.

## DECISION

The standard of review in summary judgment cases is the same as that applied by the trial court. *Jones v. Marengo State Bank* (1988), Ind.App., 526 N.E.2d 709, 714. Here, we accept as true the facts asserted by Thiellen and resolve conflicting inferences in his favor. *Stumph v. Foster* (1988), Ind.App., 524 N.E.2d 812, 814. We will affirm the grant of summary judgment only if Graves is entitled to judgment as a matter of law. *Jones.*

Thiellen argues the trial court's grant of summary judgment is erroneous because his injuries did not arise out of and in the course of his employment and further, because Graves was not a person in the same employ at the time of his injuries. Therefore, according to Thiellen, worker's compensation is not his exclusive remedy and he is entitled to bring this third-party action.

 Clearly, Thiellen's injuries *did* "aris[e] out of and in the course of [his] employment."[3] The phrase "in the course

---

3. IC 22–3–2–2(a) (1988).

of employment" refers to the time, place and circumstances under which the accident took place. *Blaw–Knox Foundry & Mill Machinery, Inc. v. Dacus* (1987), Ind. App., 505 N.E.2d 101, 102, *transfer denied.* The period of employment encompasses a reasonable time before and after the employer engages in work; an employer parking lot is the employer's premises, and thus a reasonable place for an employee; and going to and leaving the work place while still on the employer's premises. *Id.* Applying these criteria to the undisputed facts that Thiellen had clocked out for his evening one-half hour lunch break immediately before the collision occurred on his employer's premises compelled the trial court's conclusion that, as a matter of law, Thiellen was acting in the course of his employment at the time of the collision.[4]

The phrase "arising out of employment" refers to the origin and cause of the injury. *Blaw–Knox,* 505 N.E.2d at 102.

> For an accident to arise out of employment, there must be a causal relationship between the employment and the injury. However, such a connection is established when the accident arises out of a risk which is a reasonably prudent person might comprehend as incidental to the work.

*Id.* Accidents resulting from employees leaving an employer's premises are an employment-related risk. *Ward v. Tillman* (1979), 179 Ind.App. 626, 631, 386 N.E.2d 1003, 1005. Thiellen's injuries thus arose out of and in the course of his employment.

That Thiellen's injuries are covered by worker's compensation, however, does not necessarily bar him from pursuing an action against a third party. Worker's compensation is Thiellen's exclusive remedy to the extent that it bars other claims against the employer and, in some cases, against fellow employees; the Act does permit actions against third-party tortfeasors. Under IC 22–3–2–13 (1988),

> Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in *some other person than the employer and not in the same employ* a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article. [Emphasis added.]

Thiellen argues that he and Graves were not "in the same employ" at the time of the collision.

The phrase "in the same employ" must be construed as requiring more than its literal meaning of merely having a common employer. A literal reading would preclude a third party action by an employee who is injured while driving a delivery truck for his employer on a city street against the negligent driver of an automobile who broadsides and injures the employee merely because the negligent driver happens to be a vacationing fellow employee on his way to the airport. That reading is unreasonable. Instead, we conclude the legislative intent in that phrase is to require some nexus between the employment of the third party and the injury rather than merely the third party's status as sharing a common employer with the injured employee.

Consistent with this construction, in *Martin v. Powell* (1985), Ind.App., 477 N.E.2d 943, *transfer denied,* this court held that a co-employee is immune under the "same employ" language if the co-employee is acting in the course of his employment at the time of the employee's injury. In addition, the act causing the injury must arise out of the co-employee's employment. *Rodgers v. Hembd* (1988), Ind.App., 518 N.E.2d 1120, 1122. Thus, a fellow employee is in the

---

**4.** There is no merit to Thiellen's argument that because he was not on his employer's premises when he landed and sustained injuries, he was not then in the course of his employment. His injuries were proximately caused by the collision, regardless of where his body landed *after* the collision catapulted him into the air.

same employ if the personal injury occurs in the course of and arises out of the co-employee's employment.

Thiellen claims otherwise. Relying upon IC 22-3-2-8 (1988) which reads:

No compensation is allowed for an injury or death due to the employee's knowingly self-inflicted injury, his intoxication, his commission of an offense, his knowing failure to use a safety appliance, his knowing failure to obey a reasonable written or printed rule of the employer which has been posted in a conspicuous position in the place of work, or his knowing failure to perform any statutory duty. The burden of proof is on the defendant.

Thiellen argues his injuries "were caused by the misconduct, reckless and wilful and wanton acts of [Graves]," and that Graves's "reckless driving was contrary to law." Appellant's Brief at 3. Therefore, because Graves could not recover compensation pursuant to the provisions of IC 22-3-2-8, he and Graves are not in the same employ. We disagree.

Again, the relevant inquiry is whether Graves's conduct occurred while in the same employ, *i.e.*, in the course of her employment and arising out of her employment. Her entitlement to compensation benefits is irrelevant as is any disqualification under IC 22-3-2-8.[5] We reach this conclusion fully cognizant of language in our opinions which speaks in terms of whether the co-employee defendant could obtain benefits. *See, e.g.,* O'Dell v. State Farm Mutual Automobile Insurance Co. (1977), 173 Ind.App. 106, 362 N.E.2d 862, 866 ("[T]he statutory bar applies only when both employees were in the course of their employment, as determined by whether the denominated defendant could obtain compensation benefits if he were the claimant in the same or similar circumstances.") However, language such as appears in *O'Dell* is overly broad and we specifically disapprove it. Therefore, we must now

review the trial court's implicit determination that Graves was in the same employ.

The record reveals Thiellen and Graves were in identical circumstances at the time of the collision—both had just clocked out for their unpaid evening lunch break and were still on their employer's premises. Thus, as Thiellen was in the course of his employment at the time of the incident and the incident arose out of his employment, then so, too, was Graves within the course of her employment at the time of the incident and the incident arose out of her employment.

Since Graves and Thiellen had a common employer and were both acting in the course of their employment at the time of the accident, and the act arose out of their employment, they were "in the same employ." Thiellen's action therefore does not fall under the exception provided by IC 22-3-2-13, and is barred by the exclusivity provision, IC 22-3-2-6 (1988).

JUDGMENT AFFIRMED.

ROBERTSON and SULLIVAN, JJ., concur.

---

5. In fact, the disqualifying statute necessarily assumes coverage and then bars or forfeits benefits. That is, coverage must first exist before the defense provided by IC 22-3-2-8 is relevant. If the defense is proven, the employee's common-law action against the employer remains barred even though the employee cannot recover benefits because he has forfeited them by his misconduct.