Patricia LAWHEAD, Appellant–Defendant,

v.

Ezra BROWN, Appellee–Plaintiff.

No. 91A04–9503–CV–102.

Court of Appeals of Indiana.

July 26, 1995.

---

John M. Stuckey, Stuart & Branigin, Lafayette, for appellant.

Donald K. Blair, Monticello, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Patricia Lawhead appeals the trial court's denial of her motion to dismiss a personal injury action filed by Plaintiff–Appellee Ezra Brown.

We reverse.

### ISSUE

Lawhead raises one issue for our review. We restate the issue as: whether the trial court erred in determining that it had juris-

diction to adjudicate Brown's personal injury action against Lawhead.

## FACTS AND PROCEDURAL HISTORY

On March 29, 1994, Brown and Lawhead were employed by Uppco, a/k/a Joseph Motors, in Monticello, Indiana. On that morning, they clocked out and walked to the company-owned parking lot where Lawhead's car was parked.

Lawhead got into her car; Brown waited in the parking lot for his ride home. Lawhead backed her car out of the parking space and allegedly collided with Brown.

Brown subsequently filed a complaint for damages in the White Circuit Court. Lawhead filed a motion to dismiss alleging that the trial court lacked subject matter jurisdiction under the exclusivity provision of the Indiana Worker's Compensation Act (hereinafter, the Act). After a hearing, the trial court denied Lawhead's motion. Upon Lawhead's motion, the trial court certified the matter for interlocutory appeal. We granted the leave to appeal.

## DISCUSSION AND DECISION

Lawhead contends that the trial court erred in denying her motion to dismiss for lack of subject matter jurisdiction. The motion was filed pursuant to Ind.Trial Rule 12(B)(1).

Subject matter jurisdiction pertains to "the power of a court to hear and determine the case before it." *Weldy v. Kline* (1993), Ind.App., 616 N.E.2d 398, 400, *reh'g denied.* The central question is whether a trial court has constitutional or statutory authority to hear and decide a claim. *Id.*

The Act provides compensation to employees for injuries which arise out of and in the course of their employment. IND. CODE 22-3-2-2. The rights and remedies under the Act are exclusive and exclude all other rights and remedies for such injuries. I.C. 22-3-2-6. Whether an injury arises out of and in the course of employment depends upon the facts and circumstances of each case. *Burke v. Wilfong* (1994), Ind.App., 638 N.E.2d 865, 868. A trial court lacks subject matter jurisdiction "where a claimant's action falls within the Act's exclusivity provision." *Weldy,* 616 N.E.2d at 401.

Our courts have previously held that the period of employment includes a reasonable time before and after the employee engages in work. *Burke,* 638 N.E.2d at 869; *Goldstone v. Kozma* (1971), 149 Ind.App. 626, 274 N.E.2d 304, 311. In *Blaw–Knox Foundry & Mill Machinery, Inc. v. Dacus* (1987), Ind. App., 505 N.E.2d 101, 102, *reh'g denied, trans. denied,* this court held that the course of employment includes the time that employees are on the employer's premises and are going to and leaving the work place. We further held that employer-controlled parking lots are extensions of the employer's operating premises. *Id.* Thus, in *Thiellen v. Graves* (1988), Ind.App., 530 N.E.2d 765, a case with similar facts to the present case, we held that injuries resulting from an automobile-motorcycle accident between two employees leaving an employer-owned parking lot were compensable under the Act because they occurred in the course of the claimant's employment.

In the present case, the alleged accident resulting in Brown's injuries occurred immediately after he and Lawhead had clocked out. Thus, under the cases discussed above, he was injured within the period of his employment. Furthermore, the accident occurred on a parking lot owned and controlled by his employer. Thus, his injuries occurred during the course of his employment.

An injury "arises out of" employment when a causal nexus exists between the injury sustained and the duties or service performed by the injured employee. *Burke,* 638 N.E.2d at 869. This causal relationship is established "when a reasonably prudent person considers a risk to be incidental to the employment at the time of entering into it." *Id.* As discussed above, accidents resulting from employees arriving at or leaving from an employer's premises are employment related risks. Because the alleged accident causing Brown's injuries occurred on his employer's premises while he and Lawhead were leaving work, his injuries arose out of his employment.

Brown argues that the facts in the present case are distinguishable from those in *Thiellen* and similar cases in that Brown's employer did not restrict use of the parking lot to employees only. He cites *Segally v. Ancerys* (1985), Ind.App., 486 N.E.2d 578, *reh'g denied,* in support of his argument.

In *Segally,* we expressly acknowledged cases holding that the Act extends "to those accidents resulting from the ingress-egress of· employees to the employer's operating premises or extensions thereof." *Id.* at 581–582. We found those cases distinguishable on the basis that there were questions of fact concerning Segally and Ancerys' employment status and scope of employment which did not exist in the prior cases. *Id.* at 583.

The facts of the present case differ significantly from those in *Segally.* Unlike *Segally,* there is no question that the alleged accident in the present case occurred on property owned and controlled by the employer. Furthermore, the alleged accident occurred immediately after the two employees clocked out. Thus, there is no question that the accident occurred while the employees were still engaged in the scope of their employment.

Brown also argues that the exclusivity provision of the Act does not apply because he and Lawhead were not in the "same employ" at the time of the accident.[1] He contends that Lawhead was in violation of company rules in parking her automobile in a restricted parking space before the accident.

Traditionally, the test used to determine whether the parties were in the "same employ" has been "whether the denominated defendant could obtain compensation benefits in the same or similar circumstances." *Burke,* 638 N.E.2d at 870 (citing *O'Dell v. State Farm Mut. Auto Ins. Co.* (1977), 173 Ind.App. 106, 362 N.E.2d 862, 866). However, in *Thiellen* a panel of this court held that the defendant's entitlement to compensation benefits is irrelevant to the question of whether the defendant was in the "same employ" at the time of the accident. 530 N.E.2d at 768. The *Thiellen* court emphasized that the pertinent consideration is whether the parties "had a common employer and were both acting in the course of their employment at the time of the incident and the incident arose out of her employment." *Id.* Recently, in *Weldy* another panel of this court used the traditional test in making a determination. 616 N.E.2d at 398. In doing so, it explicitly rejected the *Thiellen* test. *Id.* at n. 5.

■ Under either test, Lawhead and Brown were in the same employ. Under the *O'Dell* test, Lawhead could have obtained compensation benefits under same or similar circumstances.[2] Under the *Thiellen* test, the alleged act which caused Brown's injury arose out of and occurred in the course of Lawhead and Brown's employment. Thus, Lawhead was in the same employ as Brown, and worker's compensation is Brown's exclusive remedy.

## CONCLUSION

■ The accident alleged to have caused Brown's injuries arose out of and in the

---

1. The concept of "same employ" is taken from I.C. 22–3–2–13, which states

   Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in *some other person than the employer and not in the same employ* a legal liability to pay damages in respect thereto, the injured employee ... may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article. (Emphasis supplied).

2. Brown cites I.C. 22–3–2–8, which states that an employer has a defense if the injured party commits an offense or knowingly fails to obey a

reasonable, conspicuously-posted written or printed rule of the employer. He argues that under the statute, Lawhead could not have obtained compensation benefits due to her parking in a space reserved for the handicapped.

In order for Lawhead's parking in a restricted parking space to be relevant to the inquiry of whether she was in the course of her employment, her act must have been a proximate cause of the accident. *Dane Trucking Co. v. Elkins* (1988), Ind.App., 529 N.E.2d 117, 122, *reh'g denied, trans denied.* Lawhead's act of parking her vehicle in the restricted space was, at most, a condition by which the subsequent injury was made possible. It was not the proximate cause of the alleged accident.

course of employment. Furthermore, Lawhead was in the "same employ" at the time of the accident. Thus, Brown's exclusive remedy lies in the Act.

The trial court does not have jurisdiction over this matter. Accordingly, it erred in denying Lawhead's motion to dismiss.

Reversed.

CHEZEM and ROBERTSON, JJ., concur.