CONSTRUCTION MANAGEMENT AND
DESIGN, INC., Appellant–
Defendant,

v.

Lynn VANDERWEELE,
Appellee–Plaintiff.

No. 93A02–9506–EX–367.

Court of Appeals of Indiana.

Jan. 23, 1996.

---

Robert D. Woods, Edward N. Kalamaros & Associates, Professional Corp., South Bend, for appellant.

Joseph V. Simeri, Butler and Simeri, P.C., South Bend, for appellee.

## OPINION

FRIEDLANDER, Judge.

Construction Management and Design, Inc. (the Company) appeals an award of worker's compensation benefits to Lynn VanDerWeele from an injury he sustained while he was employed by the Company. The Company presents the following restated issue for review:

> Did the Worker's Compensation Board err in affirming a hearing judge's decision that VanDerWeele's injury arose out of and in the course of his employment, thus making him eligible to receive worker's compensation benefits?

We reverse.

The facts are undisputed. VanDerWeele was working as part of the Company's four-man trimming crew at a house under construction in Plymouth, Indiana. The crew had been sent to the house with instructions from Ken Robinson, a supervisor at the Company's main office. Except for periodic visits from a supervisor, the four members of the crew were left to work independently and none of the four was in charge of the crew. In addition to lunch, the Company permitted the crew to take two ten-minute breaks per day, one in the morning and another in the afternoon. The crew members' activities during breaks were not restricted, so long as they did not exceed the ten-minute limit.

On February 15, 1994, the crew members were working in the house when they heard tires spinning outside. The men exited the house and observed that a van driven by a woman had slid off of the driveway of the house adjacent to the one in which they were working. The crew members decided to assist the woman. While VanDerWeele was walking on the adjacent driveway, he slipped and hit his head, suffering an injury.

The Company denied VanDerWeele's request for worker's compensation benefits on grounds that the injury was not work-related. VanDerWeele filed an Application for Adjustment of Claim for Compensation with the Worker's Compensation Board of Indiana (the Board) and on December 2, 1994, a hearing was held before a hearing judge. The hearing judge concluded:

> "although the case can be decided either for or against the plaintiff herein [VanDerWeele], the undersigned does conclude that plaintiff did suffer an accidental injury arising out of and in the course of his employment but encourages the parties to consider a settlement of this case without further proceedings." *Record* at 12.

The Company filed an application for review by the full Board, which ruled that the application for review would be held in abeyance pending resolution of all relevant issues and the case was remanded for further proceedings. The parties thereafter filed a Joint Stipulation of Facts and VanDerWeele filed an Application for Additional Attorney Fees. On May 23, 1995, a hearing was conducted before the Board. On June 8, 1995, the Board adopted the hearing judge's decision awarding benefits to VanDerWeele. The Company appeals the Board's decision.

The Indiana Worker's Compensation Act provides compensation for employees who suffer injuries which arise out of and in the course of their employment. The question of whether an injury arises out of and in the course of employment is fact sensitive and depends upon the facts and circumstances of each case. *Burke v. Wilfong* (1994), Ind.App., 638 N.E.2d 865. When, as here, the facts pertinent to the question of liability are not in dispute, the question becomes one of law for the courts to decide. *Lowell Health Care Center v. Jordan* (1994), Ind.App., 641 N.E.2d 675, *trans. denied; Burke, supra.* In order to be eligible for compensation under the Worker's Compensation Act (the Act), a person must prove both that the injury occurred "in the course of employment" and that the injury "arose out of the employment."

We consider first whether VanDerWeele's injury occurred in the course of his employment.

"The phrase 'in the course of employment' refers to the time, place and circumstances surrounding the accident. [Citation omitted.] Specifically, '(a)n accident occurs in the course of employment when it takes place within the period of employment, at a place where an employee may reasonably be, and while he is fulfilling the duties of his employment or is engaged in doing something incidental thereto.' " *Burke, supra,* at 868 (quoting *Wayne Adams Buick, Inc. v. Ference* (1981), Ind.App., 421 N.E.2d 733, 735).

The accident occurred on property adjacent to the site at which VanDerWeele was working. VanDerWeele contends that an accident which occurs while the employee is leaving the employer's premises is an employment-related risk and thus is compensable under the Act, citing *Thiellen v. Graves* (1988), Ind.App., 530 N.E.2d 765. There is a significant difference, however, between the facts in *Thiellen* and those of the instant case. In *Thiellen,* the employee was injured when the motorcycle on which he was riding collided with a truck. While VanDerWeele is correct in asserting that the collision occurred while the employee was leaving work, he fails to state that the collision nevertheless occurred on the employer's premises. This was specifically noted by the *Thiellen* court, indicating that the court found it significant:

> "The period of employment encompasses a reasonable time before and after the employer engages in work; an employer parking lot is the employer's premises, and thus a reasonable place for an employee; and going to and leaving the work place *while still on the employer's premises."* *Id.* at 767 (emphasis supplied).

Applying the relevant criteria to the facts of that case, the court concluded that the employee was injured in the course of his employment, stating, "Thiellen had clocked out for his evening one-half hour lunch break immediately before the collision occurred *on his employer's premises. . . ." Id.* (emphasis supplied).

The question of geographical boundaries as they relate to the imposition of liability upon an employer for an employee's injuries under the Act has previously been addressed. This court has stated:

"There must be a line beyond which the liability of the employer cannot continue. Where that line is to be drawn is usually a question of fact. This is so even where the facts are stipulated.

The line of liability upon an employer for workers who have no duties to perform for their employer outside of the job site has been drawn at the employer's premises. The situation is otherwise where the employee has duties to perform away from the job site. This rule provides a definite standard by which liability can be determined." *Markley v. Richmond Glove Corp.* (1959), 129 Ind.App. 325, 156 N.E.2d 407, 413.

The *Markley* court noted that the only exception to the non-imposition of liability for injuries occurring off-premises is where the duties of the employment require the employee to perform work away from the employer's premises. This exception has been narrowly expanded to include off-premises acts of a personal nature which are incidental to the employment, and has been explained as follows:

"Such acts as are necessary to the life, comfort, and convenience of the workman, while at work, though personal to himself, and not technically acts of service, *are incidental to the service;* and an accident occurring in the performance of such acts is deemed to have arisen out of the employment. Such acts are regarded as inevitable incidents of the employment, and accidents happening in the performance of such acts are regarded as arising out of and in the course of the employment." *Prater v. Indiana Briquetting Corp.* (1969), 253 Ind. 83, 251 N.E.2d 810, 812–13 (emphasis in original) (quoting *Holland–St. Louis Sugar Co. v. Shraluka* (1917), 64 Ind.App. 545, 116 N.E. 330, 331).

In *Prater,* the court held that the exception included injuries occurring while returning from an off-premises store where the employee had purchased beverages to drink while on break. The court concluded that the securing of a soda for refreshment during a break period was a normal incident of employment, especially when the employer knew that the employees had done so on a regular basis and did not forbid the practice.

In the instant case, it is undisputed that VanDerWeele was not on his employer's job site when he fell, but instead had left the premises and was on adjacent private property. He was not traveling to or from work at the time he was injured, nor was he intending to do anything that can be accurately described as incidental to his employment when he was injured. We conclude that the facts of this case do not fit within any of the recognized exceptions to the requirement that the injury occur on the employer's premises in order to be compensable. While acknowledging that the site of an injury-producing accident is but one factor to consider, *U.S. Steel Corp. v. Brown* (1967), 142 Ind.App. 18, 231 N.E.2d 839, we conclude that the site of VanDerWeele's accident was inconsistent with the Board's determination that he was injured in the course of his employment.

The final factor in determining whether the injury occurred in the course of employment pertains to the circumstances of the accident. This factor does not stand alone, but is also considered in evaluating whether the location of the accident renders the injury compensable, as set forth in our immediately preceding discussion. Clearly, if the employee is fulfilling the duties of his employment when the injury is sustained, regardless of whether the employee is on the employer's premises, the injury is compensable. *See Marshall v. Tribune–Star Pub. Co.* (1968) 142 Ind.App. 556, 236 N.E.2d 508. Additionally, the injury is compensable if the injury occurs while the employee was engaged in an activity incidental to the employment. *Prater, supra.* In the instant case, VanDerWeele was preparing to help a stranded motorist who was not connected with the Company and who was not stranded on Company property. The act was not an act which VanDerWeele could reasonably have been expected to perform as an employee of the Company, nor was it incidental to

his working on that site. We discern no connection between VanDerWeele's employment and helping the stranded motorist sufficient to support the conclusion that such an act could reasonably be characterized as having been in the course of VanDerWeele's employment.

■ In summary, the accident occurred at a time which might support compensation under the Act, i.e., during a paid break during normal working hours. However, the accident occurred off of the Company's premises while VanDerWeele was engaged in an endeavor which can only be described as personal and not in furtherance of Company business. Therefore, the accident did not occur in the course of VanDerWeele's employment. Although this conclusion alone renders the Board's decision erroneous, *Four Star Fabricators, Inc. v. Barrett* (1994), Ind. App., 638 N.E.2d 792, we further conclude that the accident did not "arise out of the employment", which is the second criteria for coverage under the Act.

■ The phrase "arising out of the employment" refers to the origin and cause of the injury, and has been defined as follows:

> "For an accident to arise out of employment, there must be a causal relationship between the employment and the injury. However, such a connection is established when the accident arises out of a risk which is [sic] a reasonably prudent person might comprehend as incidental to the work." *Thiellen, supra,* 530 N.E.2d at 767 (quoting *Blaw–Knox Foundry & Mill Machinery, Inc. v. Dacus* (1987), Ind.App., 505 N.E.2d 101, 102, *trans. denied*).

Generally, the causal connection between the work and the accident must be such that a reasonably prudent person would comprehend the injury as incidental to the work undertaken. *See Crowe v. Blum* (7th Cir. 1993), 9 F.3d 32 (decided under Indiana law). The causal connection is evaluated by considering the type of accident that caused the injury in relation to the nature of the employment. *Four Star Fabricators, supra.*

■ VanDerWeele contends that the act was incidental to his employment because it advanced the Company's interests, citing *Weldy v. Kline* (1993), Ind.App., 616 N.E.2d 398. VanDerWeele contends that the charitable act resulted in promoting goodwill between the Company and the public, concluding that "[a]n act of assistance, a good deed, or a kind word may well result in a future customer." Appellee's Brief at 18. The hearing judge and the Board evidently agreed, as reflected in the following conclusion of law: "It is further found that it was an employer benefit in the nature of good will with the surrounding land owners by the plaintiff's conduct herein." *Record* at 12. We reject the notion that such an amorphous and speculative benefit can by itself supply the required nexus between the accident and the employment so as to confer coverage under the Act.

■ The situation presented here is similar to that in *KCL Corp. v. Pierce* (1967), 141 Ind.App. 120, 226 N.E.2d 548. In *KCL*, the employee was injured on the employer's property while attempting to push a car out of the snow immediately after work. The court reversed the Board's award of coverage upon its determination that, "at the time of the injury the appellee was not performing a duty owed to her employer which was either required by or incidental to her employment." *Id.* 226 N.E.2d at 551. This statement also accurately summarizes the application of the law to the facts of the instant case. VanDerWeele owed no duty to the Company which might reasonably have been interpreted to include coming to the aid of an individual whose vehicle slipped from a private drive near the job site and became stuck. The charitable act was undertaken entirely on VanDerWeele's own initiative, *cf. Northcutt v. Smith* (1994), Ind.App., 642 N.E.2d 254 (an employee is acting within the scope of his employment when the act done is not performed on the employee's own initiative), and did not further the business interest of the Company. *See Crowe, supra.* Therefore, we conclude that the accident did not arise out of VanDerWeele's employment.

Judgment reversed.

BARTEAU, J., concurs.

SULLIVAN, J., concurs in result.