**GLOBAL CONSTRUCTION, INC.,**
**Appellant–Defendant,**

v.

**Daniel T. MARCH, Appellee–Plaintiff.**

**No. 93A02–0211–EX–903.**

Court of Appeals of Indiana.

July 11, 2003.

Gary P. Goodin, Goodin, Orzeske & Blackwell, P.C., Indianapolis, IN, Attorney for Appellant.

John C. Grimm, Grimm & Grimm, Auburn, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Global Construction, Inc. (Global) appeals the judgment by the Indiana Worker's Compensation Board (Board) that the injury appellee-plaintiff Daniel March sustained arose out of and was in the course of his employment with Global. Concluding that there was neither

a causal nexus between the injury and March's duties and that the injury was the result of a personal, rather than employment-related activity, we reverse the Board's decision.

## FACTS

March was an ironworker and millwright for Global, assigned to service various industrial facilities and their machinery. For approximately two months before September 14, 1999, March performed industrial maintenance at the Auburn Foundry (Foundry). The Foundry's employees were on strike the entire time March spent at the site. The strikers congregated in a parking lot directly across the parking lot exit used by Foundry workers. Glen Brasseal and James Wood, the co-owner and the supervisor of Global, respectively, warned March not to provoke or confront the strikers. Brasseal said if a worker's vehicle was damaged when leaving the Foundry, the worker was to "report it immediately to the Security Guards and that it would be taken care of." Tr. p. 10. Further, March was aware that "the strikers had physically confronted a local man and something had transpired with a woman." Tr. p. 83, 110.

March reported directly to the Foundry, rather than Global headquarters. On September 14, 1999, March completed his shift at 10:30 p.m. and "clocked-out" by reporting his time to the supervisor responsible for tabulating Global employees' hours. Once outside, March noticed an unusually large number of strikers. The strikers shined their headlights onto the Foundry parking lot exit from their post in the adjacent parking lot, thereby reducing drivers' visibility. After fifteen minutes of chatting with a fellow employee, March reluctantly left the Foundry premises and drove onto Fifteenth Street, a public road.

On Fifteenth Street, March heard two objects hit his truck, one hitting the side panel and the other cracking the windshield. Despite the warning not to confront the strikers and Global's assurance that any vehicle damage would be compensated, March drove backward down the street roughly twenty-five feet into the proximity of the strikers. March exited his truck and confronted the strikers, and a face-to-face argument ensued involving foul language. As March confronted a particular striker, a fight erupted during which March believes he was hit with a 2 × 4 and consequently sustained injuries.

On June 22, 2000, March filed his complaint against Global with the Board. A single member hearing was held on January 16, 2001, wherein the sole issue was whether March's injuries arose out of and in the course of his employment with Global. On June 29, 2001, the single member found that March "was injured in the course and scope of his employment with [Global]. If it were not for his employment [March] would not have been traveling [on] Fifteenth Street adjacent to the Auburn Foundry property, and thus, would not have been attacked by picketers. Therefore, [March's] Worker's Compensation claim is compensable." Appellant's App. p. 3–4.

Global subsequently filed an Application for Review by the Full Worker's Compensation Board. On October 17, 2002, the Full Board unanimously affirmed the single member's decision. Global now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■■■ This court is bound by the Board's factual determinations, and we will not disturb them unless the evidence is undisputed and leads inescapably to a con-

trary result. *Smith v. Bob Evans Farms, Inc.*, 754 N.E.2d 18, 22 (Ind.Ct.App.2001). In reviewing a decision made by the Board, we neither reweigh the evidence nor assess the witnesses' credibility. *K-Mart Corp. v. Morrison*, 609 N.E.2d 17, 27 (Ind.Ct.App.1993). While this court is bound by the Board's findings of fact, it is not bound by the Board's interpretations of law, thus we may only consider errors to the Board's conclusions of law. *Duvall v. ICI Americas, Inc.*, 621 N.E.2d 1122, 1124 (Ind.Ct.App.1993).

## II. March's Claims

As a general rule, whether an injury arises out of and in the course of employment is a question of fact to be determined by the Board. *Conway ex rel. Conway v. Sch. City of E. Chicago*, 734 N.E.2d 594, 597 (Ind.Ct.App.2000). However, when facts relating to question of liability are undisputed under the Indiana Workmen's Compensation Act (Act), and when such facts lead to only one inference, the issue becomes one of law for a court to decide. *Sanchez v. Hamara*, 534 N.E.2d 756, 758 (Ind.Ct.App.1989). Thus, as the facts here are undisputed, the issue of whether March's injury arose out of and in the course of his employment with Global is a question of law to be reviewed by this court. *Rogers v. Bethlehem Steel Corp.*, 655 N.E.2d 73, 75 (Ind.Ct.App.1995).

The Act provides, in pertinent part, "every employer ... shall comply with the provisions of I.C. 22–3–2 through I.C. 22–3–6 respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby." Ind.Code § 22–3–2–2. Thus, this court will determine whether March's injury (1) arose out of his employment with Global and (2) was in the course of his employment with Global. Neither element alone is sufficient. *Rogers*, 655 N.E.2d at 75. In the context of workers' compensation cases, "arising out of" employment refers to the origin and cause of the injury, while "in the course of" employment refers to the time, place and circumstances under which the injury occurred. *Conway*, 734 N.E.2d at 598. Using this simple and accurate description, it is clear that March's injuries neither arose out of nor were in the course of his employment, thus his injury is not compensable under the Act.

### A. "Arising out of"

For an injury to arise out of the employment, there must be a causal nexus between the injury and the employment. *Id.* A nexus is established when the employee sustains the injury while performing a duty required by or incidental to his employment. *Constr. Mgmt. & Design, Inc. v. VanDerWeele*, 660 N.E.2d 1046, 1051 (Ind.Ct.App.1996). For example, in *Donahue v. Youngstown Sheet & Tube Co.*, 474 N.E.2d 1013, 1016 (Ind.1985), Donahue, who sustained injuries on a four-lane public thoroughfare on her way to her car parked along the street after clocking out from her place of employment, was not performing a duty incidental to her employment for worker's compensation purposes. In holding for the company, we observed that Donahue's employer could not have reasonably contemplated that Donahue needed to park on the street as they provided an alternative employee parking scheme on the same side of the street as the employment premises. Thus, we concluded that Donahue crossed the street as a member of the general public and not an employee. *Id.* In contrast, *Clemans v. Wishard Memorial Hospital*, 727 N.E.2d 1084, 1090 (Ind.Ct.App.2000), *trans. denied*, holds that an employee's injury arose out of his employment while

effecting ingress or egress from the employer's premises and that the "arose out of" employment requirement may be met even though the injury occurs on a public thoroughfare adjacent to the employer's premises. *Id.* In *Clemans,* the hospital provided its employees with an exclusive employee parking lot located directly across the street from the hospital. *Id.* Such an arrangement led to the inescapable conclusion that the employer knew its employees would cross a major thoroughfare to gain ingress and egress to the hospital premises. *Id.* As such, an employee's injury while crossing the thoroughfare from the hospital to the parking lot, immediately after completing her duties, resulted from an action materially incidental to her employment and thus was compensable under the Act. *Id.*

Further, in *VanDerWeele,* a construction worker observed a driver of a vehicle at an adjacent house in distress. *VanDerWeele,* 660 N.E.2d at 1048. On his way to assist the driver, he slipped, hit his head, and suffered an injury. *Id.* This court found that VanDerWeele's injuries did not arise out of his employment because his actions, while benevolent, were neither a duty required by nor incidental to his employment. *Id.* at 1051. This court further determined that he was off the work site when he was injured. *Id.*

■ Thus, for his injuries to arise out of his employment, March's actions on Fifteenth Street must illustrate a causal nexus between his injury and duties as a millwright. March's situation is analogous to VanDerWeele's. On his personal time he returned to the adjacent parking lot to confront the strikers. In essence, March was not injured during his egress from the parking lot, which was directly across the public street from the area where the strikers were congregated. March completed making his exit from his employer's

premise, passed the strikers and only then backed up to confront them. His decision to confront the strikers bore no relation to his duties as a millwright. As a result, March's injuries did not arise out of his employment with Global.

### B. "In the course of"

■ Regarding the second condition to comply with the Act, this court concluded that an employee remained in the course of his employment until he "clearly and irrevocably embarked on a course of conduct inconsistent with [his] work and indicating personal business." *Wayne Adams Buick, Inc. v. Ference,* 421 N.E.2d 733, 736 (Ind.Ct.App.1981). "An accident occurs in the course of employment when it (1) takes place within the period of the employment, (2) at the place where the employee may reasonably be, and (3) while he is fulfilling the duties of his employment or is engaged in something incidental thereto." *Id.* at 735.

■ Using the definition from *Ference,* had March been injured as he left the Foundry premises and embarked on his route home, our decision may have been different. *See Ward v. Tillman,* 179 Ind. App. 626, 386 N.E.2d 1003, 1005 (1979) (holding that employers' liability may extend beyond the immediate job site). However, when March made the personal decision to reverse his truck and challenge the strikers he became clearly and irrevocably on a course of conduct inconsistent with his work and indicating personal business. Such behavior is indicative of personal business, as a millwright's responsibilities do not include confronting strikers. Consequently, we cannot conclude that March's injuries were in the course of his employment with Global.

### III. Conclusion

Accordingly, March's injuries did not arise out of his employment with Global

because the origin and cause of the injury were a result of his personal actions. Further, the time, place and circumstances under which the injury occurred were not in the course of his employment. Therefore, March's injuries are not compensable under the Act.

Judgment reversed.

SULLIVAN, J., and DARDEN, J., concur.