**METROPOLITAN SCHOOL DISTRICT OF LAWRENCE TOWNSHIP,**
Appellant–Defendant,

v.

**Linda J. CARTER, Appellee–Plaintiff.**

No. 93A02–0308–EX–730.

Court of Appeals of Indiana.

Feb. 19, 2004.

---

Van A. Nation, Nation Schoening Moll, Fortville, IN, Attorney for Appellant.

Richard R. Skiles, Skiles Hansen Cook & DeTrude, Indianapolis, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

MSD Lawrence Township ("the School") appeals the award of benefits by the Full Worker's Compensation Board ("the Board") to Linda Carter. The School claims the Board erred when it found Carter's injury arose out of her employment. We affirm.

## FACTS AND PROCEDURAL HISTORY

The School employs Carter as a custodian. One of her responsibilities each evening is to secure the building after all other employees have left. On November 30, 2000, Carter walked down the hall she was cleaning to a classroom to talk to a teacher who was working well after school hours. Believing their conversation was finished, Carter began to leave. However, she thought she heard the teacher say something else, and she walked back to the door. As she turned to leave a second time, Carter fell and fractured her right hip.

The worker's compensation carrier for the School, Employers Security Insurance Company, denied Carter's worker's compensation claim. Carter filed her application for adjustment of claim. After a hearing, the single hearing member found Carter was entitled to benefits. The School appealed to the Board, which later affirmed the single hearing member's decision. The School appeals.

## DISCUSSION AND DECISION

▇▇▇ Indiana Code § 22-3-4-8(b) provides that an "award by the full board shall be conclusive and binding as to all questions of fact, but either party ... may ... appeal to the court of appeals for errors of law under the same terms and conditions as govern appeals in ordinary civil actions." Accordingly, we apply a deferential standard of review under which we are "bound by the Board's findings of fact and may not disturb its determination unless the evidence is undisputed and leads undeniably to a contrary conclusion." *Greenberg News Network v. Frederick,* 793 N.E.2d 311, 314 (Ind.Ct.App.2003). We first review the findings to determine if there is "any competent evidence of probative value" in the record to support them. *Id.* at 315. During our review we may neither reweigh the evidence nor reassess the credibility of the witnesses; rather we must consider only the evidence, and the reasonable inferences therefrom, most favorable to the Board's decision. *Id.* After reviewing the sufficiency of the evidence supporting the findings, we determine whether those findings are sufficient to support the judgment. *Id.*

▇▇▇ The Worker's Compensation Act provides for compensation of employees who are injured or killed by an "accident arising out of and in the course of the employment." Ind.Code § 22-3-2-2(a). An accident "arises out of" employment when "a causal nexus exists between the injury sustained and the duties or services performed by the injured employee." *Milledge v. Oaks,* 784 N.E.2d 926, 929 (Ind. 2003). "An accident occurs 'in the course of employment' when it takes place within the period of employment, at a place where the employee may reasonably be, and while the employee is fulfilling the duties of employment or while engaged in doing something incidental thereto." *Id.* To receive worker's compensation benefits, a plaintiff must prove both elements. *Id.*

▇▇▇ The parties agree that Carter's injury occurred "in the course of employment" because she was injured while she was "in a hallway of the school during her normal working hours." (Appellant's Br. at 5.) The parties disagree, however, about

whether Carter's injury "arose out of" her employment.

In *Milledge,* our supreme court discussed the causal connection that must be demonstrated to show an accidental injury arose out of employment:

[T]his Court has said the nexus is established when a reasonably prudent person considers the injury to be born out of a risk incidental to the employment, or when the facts indicate a connection between the injury and the circumstances under which the employment occurs.... The risks incidental to employment fall into three categories: (1) risks distinctly associated with employment, (2) risks personal to the claimant, and (3) risks of neither distinctly employment nor distinctly personal in character. Risks that fall within categories numbered one and three are generally covered under the Indiana Worker's Compensation Act. However risks personal to the claimant, those caused by a pre-existing illness or condition unrelated to employment, are not compensable.

784 N.E.2d at 929–30 (internal quotations and citations omitted). The risks in category number three, which are "neither personal to the claimant nor distinctly associated with the employment," are sometimes referred to as "neutral" risks. *Id.* at 931 n. 1 (quoting 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 3.05, at 3–6 (2002)).

The Board adopted the decision of the single hearing member, which provided in pertinent part:

### SUMMARY OF EVIDENCE

The plaintiff testified as to the details of the incident that occurred, indicating that she was checking rooms and had spoken to a teacher. As she turned to leave the teacher said something to her and in the course of turning around she fell and heard her hip pop after the fall. She denied any pain before the fall. She further testified that she did not frequently fall. On cross-examination she indicated that there were no snags in the carpet or objects on the carpet.

The stipulated deposition and exhibits were reviewed.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Said Hearing Judge, having heard all the evidence in said cause, the stipulation of the parties, and having reviewed the entire file and being duly advised in the premises therein, now adopts the stipulation as the Board's findings.

1. It is further found that there is no question but what [sic] the employee was in the course of her employment.

2. It is further found that the fall in question should be classified as an unexplained fall, there being no evidence that the plaintiff had a personal condition or infirmity which made her more susceptible to falling.

3. It is further found that prior Indiana cases allowed compensation for unexplained falls and circumstances such as the instant case.

4. It is further found that the undersigned does find that the fall in question should be considered to arise out of plaintiff's employment with the defendant herein. The parties are directed to attempt to agree upon a resolution of this case.

(Appellant's App. at 5–6.)

Accordingly, by classifying the fall as "unexplained," the Board found that Carter's injury fell into category number three and was a compensable neutral risk. The School claims Carter's concession that she

"tripped over her own two feet" (*id.* at 23) places Carter's injury in category number two, personal risk, which is not compensable. We disagree with the School for two reasons.

First, our standard of review requires us to review the Board's findings with great deference. We must look only at the evidence favorable to the judgment, and we may not reweigh the favorable and unfavorable evidence. *Frederick*, 793 N.E.2d at 315. Accordingly, as the testimony cited by the School is unfavorable to the judgment, we may not consider that evidence when reviewing the Board's findings of fact.

Carter testified she had gone to one of the rooms in her section of the building to inform a teacher that it was almost time to leave and then:

> I made a remark, turned around quickly again, and my body seemed to turn and my feet didn't. There was new carpet in there and it seemed to stick to the floor for some reason. I turned around and fell. I fell on my hip. I just went down, wondering where my feet were. My hand went out and I hit my hand first and I fell on the hip, heard it pop, and proceeded to scream in pain.

(Appellant's App. at 17.) She also testified there were no snags in the carpet or objects on the floor that would have caused her fall and she did not trip over a shoelace. In addition, Carter acknowledged it was possible to trip on carpet but claimed she had never fallen on carpet before.

These facts support the Board's finding that the fall was "unexplained."

Second, even if we could reweigh the evidence, we would affirm the Board's decision. Personal risks that fall into category number two involve a "pre-existing illness or condition" that makes the injury idiopathic to the employee. *Milledge*, 784 N.E.2d at 930. As the School notes, Carter agreed with the School's allegation that she "tripped over her own two feet." (*See* Appellant's App. at 23, 56.) However, such a concession does not indicate that she had a "pre-existing illness or condition" that led to her injury. *See, e.g., Milledge*, 784 N.E.2d at 930 (reviewing whether plaintiff's ankle injury was due to her diabetes); *Holland v. Coast Midwest Transport*, 789 N.E.2d 512, 515 (Ind.Ct. App.2003) (reviewing whether plaintiff's knee injury was related to a prior injury to his anterior cruciate ligament). Rather, the record contains no indication Carter had any illness or condition that may have led to her fall and, thus, the School did not meet its burden in that category of risk. *See Milledge*, 784 N.E.2d at 931 (under positional risk doctrine, burden on employer to demonstrate injury was actually result of cause personal to claimant).

Affirmed.

BAKER, J., and NAJAM, J., concur.