GLOBAL CONSTRUCTION, INC.,
Appellant (Defendant below),

v.

Daniel T. MARCH, Appellees
(Plaintiff below).

No. 93S02–0401–EX–21.

Supreme Court of Indiana.

Aug. 25, 2004.

Gary P. Goodin, Indianapolis, IN, Attorney for Appellant.

John C. Grimm, Auburn, IN, Attorney for Appellee.

BOEHM, Justice.

While leaving the foundry where he was assigned by his employer Daniel March was injured by strikers. We hold that the Worker's Compensation Act covers this injury.

**Factual and Procedural Background**

Global Construction employed Daniel March to service machinery at various facilities of Global's customers. In September, 1999, March was performing maintenance at the Auburn Foundry, in Auburn where employees of the Foundry were on strike.

March completed his shift at the Foundry at approximately 10:30 p.m. on the night he was injured. Because a large number of picketing strikers had congregated in a parking lot across from the employee exit, March waited approximately fifteen minutes before attempting to leave the Foundry in his truck via the employee exit. Strikers had positioned cars to shine their headlights at the gate, which impaired March's vision as he made a right turn to exit the Foundry onto the public street bordering the Foundry. Shortly after March left the Foundry and turned onto the street, his truck was struck by an object. When a second object cracked his windshield March stopped the truck. March then backed his truck up or stopped and either got out of his truck on his own, or was pulled out. A verbal confrontation ensued and March was attacked, apparently by more than one person. He was repeatedly struck in the head with a 2 × 4 board, and suffered significant injuries.

The Worker's Compensation Act covers injuries that "arise out of and in the course of" a person's employment. Ind. Code § 22–3–2–2 (1998). An injury "arises out of" employment when a causal nexus exists between the injury sustained

and the duties or services performed by the injured employee. *Milledge v. The Oaks*, 784 N.E.2d 926, 929 (Ind.2003). An accident occurs "in the course of" employment when it takes place at the time and place of a person's employment while an employee is fulfilling his duties. *Id.* March filed a claim for worker's compensation and a Single Hearing Member of the Indiana Worker's Compensation Board entered judgment for March, finding that his injuries arose out of and the course of his employment with Global. Global appealed and the Board upheld the Single Hearing Member's determination, but the Court of Appeals reversed, finding the injury neither "arose out of" nor occurred "in the course of" March's employment. *Global Constr. Inc. v. March*, 791 N.E.2d 769, 771 (Ind.Ct.App.2003). This Court granted transfer. *Global Constr. Inc. v. March*, 812 N.E.2d 791 (Ind.2004).

### Standard of Review and Adequacy of Findings

■ "On appeal, we review the decision of the Board, not to reweigh the evidence or judge the credibility of witnesses, but only to determine whether substantial evidence, together with any reasonable inferences that flow from such evidence, support the Board's findings and conclusions." *Walker v. State*, 694 N.E.2d 258, 266 (Ind. 1998).

The Board found that when March's windshield cracked, he stopped his truck, but the Board could not conclude whether he backed his truck up or whether he exited the truck on his own. The Board found that March did not initiate a physical confrontation, but was attacked by one or more picketers and struck with a 2 × 4 after he exited the truck. Global argues that the Board erred in its finding that "The evidence conflicts, as to whether Plaintiff backed his truck up and whether

he exited the truck on his own, or was pulled out." Global asserts that the Board is required to provide more specific findings of fact and that the evidence shows that March backed his truck up and got out on his own. We agree that the Board's findings must be sufficient to allow review. Although the Board was unable to determine the specific facts of the encounter, it found that March stopped his truck in response to a cracked window and did not initiate a fight. Its ultimate conclusion was that March's injury arose out of and in the course of his employment. For the reasons given below, these findings are adequate to establish March's claim.

### I. Injuries "in the Course of" Employment

■ Global argues that March's injuries did not meet the statutory requirement that they be incurred "in the course of" his employment. Global points out that "March was not on the employer's premises, had already completed his work, and was not performing any employment duties." In general, to arise "in the course" of employment, an injury must occur during work and on the employer's premises. Therefore, most injuries sustained on route to or from the workplace are not covered. Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law*, § 13.01, at 13–3 (2004). For example, in *Donahue v. Youngstown Sheet & Tube Co.*, 474 N.E.2d 1013, 1014 (Ind. 1985), this Court affirmed the denial by the Worker's Compensation Board of benefits for an injury an employee sustained on the way home from work. We reasoned that the claimant had completed her duties and clocked out and was crossing a public street when she was injured. Her employer did not expect or compel her to cross that street. *Id.* We explained that because the claimant was on a public street open to and used by members of the general public, she was exposed to the

same dangers as any member of the public and her injury therefore fell outside of the employment relationship. *Id.* at 1015.

Despite this general doctrine, courts have in some circumstances allowed compensation for injuries that occur close to, but not on, the employer's premises when an employee was going to or coming from work. As the Indiana Court of Appeals early explained, "employment is not limited to the exact moment when the workman reaches the place where he is to begin his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident." *Reed v. Brown,* 129 Ind.App. 75, 82, 152 N.E.2d 257, 259 (1958) (citation omitted). Thus, employer-controlled parking lots and private drives used by employees have been held to be extensions of the employer's operating premises for purposes of coverage under the Act. *Id.* Injuries sustained in public thoroughfares may also be covered under some circumstances. For example, an employee was allowed to recover for injuries sustained when she crossed a public street separating her place of employment from the parking lot her employer provided. *Clemans v. Wishard Mem'l Hosp.,* 727 N.E.2d 1084, 1087 (Ind.Ct.App.2000), *trans. denied.* The court recognized that ordinarily an injury on a public street is not compensable, but reasoned that the injury was incidental to her employment because she was required to cross the public street to access the employee parking lot. The street "would be used as the most convenient and reasonable means of ingress to and egress from its operating premises." *Id.* at 1088. The same reasoning applies here. March was injured while leaving work using the only available means of egress from the employer's parking lot. That egress exposed him to a danger specifically related to March's employment—passing through a group of agitated striking workers. Global argues that the strikers posed a threat to all who used the street, and therefore were not peculiar to March's employment. We think it obvious that a worker exiting a plant under picketing is at greater risk than a passing motorist. Under these circumstances, the area where the protesting strikers gathered is for all practical purposes an extension of the workplace and March was not on his own time until freed of the stress of exiting.

The Court of Appeals based its holding that March's injury was not "in the course of" his employment on its conclusion that March was not injured during his egress from the parking lot. Rather, the Court of Appeals accepted Global's contention that March completed making his exit from his employer's premises, passed the strikers and only then backed up to confront them. *Global Constr., Inc. v. March,* 791 N.E.2d 769, 773 (Ind.Ct.App.2003). This conclusion conflicts with the findings of the Worker's Compensation Board, which could not determine whether March backed up his truck or got out of his truck on his own to confront the strikers, but did conclude that "March did not instigate a physical confrontation with anyone." The Board's findings of fact are sustained if supported by substantial evidence. There is conflicting evidence as to whether March backed up and if so why and how much. More importantly, if, at the time of the injury, the employee was doing what a reasonable person might expect him to do under the circumstances, the employee has not abandoned his employment. *Nat'l Biscuit Co. v. Roth,* 83 Ind.App. 21, 26–27, 146 N.E. 410, 412 (1925). We cannot say as a matter of law March's response to this stressful situation was unreasonable. At any rate, whether March acted personally

or as an employee, his injury resulted from a danger specific to his employment. March was required by his employer to cross the picket line at the Foundry. *See Baggett Transp. Co. v. Holderfield,* 260 Ala. 56, 68 So.2d 21, 25 (1953) ("if there ever was a time when an employee deserved compensation for his injuries, it is when the employee, at considerable personal risk, remains on the job to minimize the deterioration of plant and other loss being suffered by the employer"); *Cf. Bedwell v. Dixie Bee Coal Corp.,* 99 Ind.App. 336, 339, 192 N.E. 723, 724 (1934). Stopping his truck when the windshield was cracked is within the range of reasonable responses. Even if March disembarked contrary to orders, that is a predictable response to a plainly stressful situation created by the circumstances of his employment. We agree that March may have failed to follow the instructions to ignore the strikers, but no personal motive is apparent in March's conduct. Employees cannot be expected to conform strictly to formal instructions when faced with sudden and intentional wrongful conduct from others. Although "arising from" and "in the course of" are usually discussed as independent factors, in practice the two "are not, and should not be, applied entirely independently." Larson, *supra* § 29.01, at 29–1. The stronger the causal link to employment, the weaker the showing required to find an injury to be incurred in the course of employment. Here, there is no doubt that March's injuries were suffered specifically because of his employment at the plant under strike as he left the plant gates. The injury was incurred in a chain of events originating in the course of employment. This is sufficient to support coverage under the worker's compensation statute.

■ Even if passage through the employee exit and the gauntlet of picketers was "in the course of" March's employment, the Court of Appeals found that "when March made the personal decision to reverse his truck and challenge the strikers he became clearly and irrevocably on a course of conduct inconsistent with his work and indicating personal business." *Global Constr.,* 791 N.E.2d at 773. In part, this conclusion turns on facts not found by the Board. It is undisputed that March had been instructed to ignore the picketers even when provoked. Global also argues that March should not receive compensation because he was the aggressor in the situation. We agree with Global that if an employee injured in an altercation is found to be the aggressor in the confrontation, the employee may be denied compensation. *Berryman v. Fettig Canning Corp.,* 399 N.E.2d 840, 843 (Ind.Ct. App.1980). However, the Board found that March did not instigate a physical confrontation. Global argues that the Board's finding on this point is contrary to the evidence because March testified "I got out and confronted him ..." This testimony does not contradict the Board's conclusion. It is not clear that March was referring to "confronting" the person who struck him. Moreover, the Board specifically found that March did not initiate violence with anyone, and someone in the crowd plainly was the initial aggressor by throwing objects at March's truck and cracking his windshield. March acted in response to the actions of the strikers, and the Board's conclusion that he was injured in the course of employment is a reasonable inference from the evidence before it.

## II. Injuries "Arising Out of" Employment

■ To "arise out of" employment and therefore be compensable, there must be a causal connection between the injury and the worker's employment. *Milledge v. The Oaks,* 784 N.E.2d 926, 929 (Ind.2003).

This is not a case where the injury is claimed to originate with the worker's preexisting physical condition as in *Kovatch v. A.M. Gen.*, 679 N.E.2d 940, 944 (Ind.Ct.App.1997). Nor is it an injury from an unexplained source as in *Milledge*, 784 N.E.2d at 930. Rather, Global contends that March's injuries arose from his individual decision to exit the truck and confront the strikers.

■■■■■ One basis to establish a causal connection is to show the injury resulted from a risk specific to the employment. We recently held that injury from a risk incidental to employment is sufficient to bring a claim within workers compensation as "arising out of" the employment. *Wine–Settergren v. Lamey*, 716 N.E.2d 381, 389 (Ind.1999) (the "nexus is established when a reasonably prudent person considers the injury to be born out of a risk incidental to the employment, or when the facts indicate a connection between the injury and the circumstances under which the employment occurs"). When determining whether a risk or injury is incidental to employment, a court will consider "the type of activity in which the employee was engaged when injured and their relationship to: his duties; the reasonableness of employee's acts in relation to the sum total of conditions and circumstances constituting the work setting at the time of the injury; and finally, the knowledge and acquiescence of the employer in situations where acts incidental to employment are being done in violation of company rules." *Segally v. Ancerys*, 486 N.E.2d 578, 581 (Ind.Ct.App.1985). The pivotal question is whether the person's employment increased the hazard that led to the injury. *Id.*

Global argues that March's exchange with the strikers is not compensable under the Act because March "confronted the strikers in a personal capacity," "had been expressly warned to avoid the picketers," and "went past the strikers, out of harm's way, and then, on his own initiative, in order to confront the strikers, backed his vehicle up into the proximity of the strikers, and voluntarily got out of his vehicle to confront the strikers." This is presented in support of the contention that the injury did not "arise out of" employment. We think it is a restatement of the arguments directed to "in the course of" employment. There is no doubt that the blows March suffered were the cause of his injuries. The issue is whether the beating was received in the course of employment. For the reasons given in Part I, we conclude that it was. Insofar as this argument is a separate contention as to "arising from," as long as a causal connection exists between the injury and the person's employment, an employee may still recover for an injury sustained while performing personal acts. *Prater v. Ind. Briquetting Corp.*, 253 Ind. 83, 88, 251 N.E.2d 810, 812 (1969). The same chain of events that places his injuries in the course of his employment also establishes that his injuries arose from his employment. Indeed, it seems obvious that March was struck because of his employment, and if he were a passing motorist rather than an employee exiting a plant under strike his injuries would never have been sustained.

In sum, the Worker's Compensation Board found that March's injury arose out of and in the course of his employment. The evidence does not lead clearly and inescapably to the opposite conclusion.

### Conclusion

The decision of the Worker's Compensation Board is affirmed.

SHEPARD, C.J. and DICKSON, SULLIVAN and RUCKER, JJ., concur.