**Terresa Ann HATKE and Ron Hatke, Appellants–Plaintiffs,**

v.

**Stephanie FIDDLER, Appellee–Defendant.**

No. 23A05–0611–CV–662.

Court of Appeals of Indiana.

June 14, 2007.

Daniel L. Taylor, J. Kent Minnette, Ann M. Schneider, Kincaid, Taylor, Sims, Chadd & Minnette, P.C., Crawfordsville, IN, Attorneys for Appellants.

Mark A. Metzger, Theodore G. Hammond, Indianapolis, IN, Attorneys for Appellee.

### OPINION

MAY, Judge.

■ Terresa and Ron Hatke appeal the trial court's dismissal of their personal in-

jury claim against Stephanie Fiddler. The Hatkes assert the court erroneously determined it did not have jurisdiction over their common law negligence action to recover for injuries that occurred when Fiddler crashed her car into the car in which Terresa was riding. Terresa and Fiddler were co-workers traveling in the course of their employment when the accident occurred. The Worker's Compensation Act therefore divested the trial court of jurisdiction over their claims resulting from this accident. Accordingly, we affirm.[1]

### FACTS AND PROCEDURAL HISTORY

In the spring of 2003, Fiddler was a bank teller for the Fountain Trust Company and worked at a branch office in Attica, Indiana. As part of her employment, she was required to attend a weekly sales team meeting in Covington, Indiana. When a sales meeting ended, Fiddler was required to drive from the Covington office to the Attica branch, where she would communicate the information from the sales meeting to her fellow employees. Thereafter, she would resume her duties as a bank teller. Fountain Trust compensated Fiddler for the time and expense of driving to and from the sales meeting each week.

Terresa, as a Vice President of Fountain Trust, was Fiddler's supervisor and also attended the weekly sales meetings in Covington. After the weekly sales meeting on April 3, 2003, Terresa and Patti Brewer, another employee of Fountain

---

1. The Hatkes also assert: "The trial court's decision violated Article 1, Section 12 of the Constitution of the State of Indiana by rendering it possible that the Hatkes could be denied their constitutional right to pursue their remedies by due course of law." (Appellants' Br. at 8) (underlining omitted). We reviewed the Hatkes' Response Brief in Opposition to Motion to Dismiss and found they did not present this argument to the trial court. (See Appellants' App. at 53–57.) Accordingly, they waived this argument for appeal. See Nance v. Miami Sand & Gravel, LLC, 825 N.E.2d 826, 834 (Ind.Ct.App.2005).

Trust, were to install an ATM in a campground in Attica. Brewer drove her car north on Highway 41 toward Attica, with Terresa as a passenger. Before making a left-hand turn, Brewer slowed to a stop due to oncoming traffic. As Brewer waited to turn left, her car was rear-ended by the car driven by Fiddler. At the time, Fiddler was on her way from the sales meeting in Covington to the branch in Attica. Terresa sustained personal injuries, and thus medical expenses, as a result of the accident.

Terresa filed a worker's compensation claim with Fountain Trust's worker's compensation insurer. That insurer paid a majority of Terresa's accident-related expenses.

Thereafter, Terresa and Ron filed a common law tort claim against Fiddler in Fountain Circuit Court. Fiddler filed an answer and a motion to dismiss under Ind. Trial Rule 12(B)(1). She asserted the trial court did not have jurisdiction over the Hatkes' complaint because exclusive jurisdiction rested in the Worker's Compensation Board. The court granted Fiddler's motion to dismiss.

## DISCUSSION AND DECISION

■ When ruling on a motion to dismiss for lack of subject matter jurisdiction under T.R. 12(B)(1), "the court may consider not only the complaint and motion but also any affidavits or evidence submitted in support." *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind.2001). "In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts." *Id.*

■ Our standard for reviewing the trial court's decision depends on what occurred in the trial court. *Id.* at 401. When the facts before the trial court are not in dispute, subject matter jurisdiction is purely a question of law, and we review

the issue *de novo. Id.* We also review the court's decision *de novo* if facts were in dispute but the court ruled "on a paper record without conducting an evidentiary hearing" because "under those circumstances a court of review is 'in as good a position as the trial court to determine whether the court has subject matter jurisdiction.'" *Id.* (quoting *MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy & Planning*, 699 N.E.2d 306, 308 (Ind.Ct.App.1998)). Herein, while the parties disagree about the inferences to be drawn from the undisputed facts, the trial court ruled on a paper record. Therefore, we review *de novo* the court's grant of Fiddler's motion.

■ The Worker's Compensation Act provides the exclusive remedy for an employee's injuries caused by accidents "arising out of and in the course of employment." Ind.Code § 22–3–2–6 (making remedy exclusive); *see also* Ind.Code § 22–3–2–2 (making program mandatory for employers and employees, "except as stated in IC 22–3–2 through IC 22–3–6").

■ Whether injuries occur in the course of employment depends on "the time, place and circumstances under which the accident took place." *Thiellen v. Graves*, 530 N.E.2d 765, 767 (Ind.Ct.App. 1988). Generally, injuries must occur during work and on the employer's premises to have arisen "in the course" of employment. *Global Const. Inc. v. March*, 813 N.E.2d 1163, 1166 (Ind.2004). "Therefore, most injuries sustained on route to or from the workplace are not covered." *Id.* Nevertheless, there are exceptions to this general rule. *See, e.g., Clemans v. Wishard Mem'l Hosp.*, 727 N.E.2d 1084 (Ind.Ct. App.2000) (injuries occurring as employee was crossing public street to parking lot from operating premises were "in the course of" employment), *trans. denied.*

To "arise out of" employment, the injury and employment must be causally connected. *March*, 813 N.E.2d at 1168. A causal connection can be demonstrated by "a risk specific to the employment." *Id.* at 1169.

> When determining whether a risk or injury is incidental to employment, a court will consider the type of activity in which the employee was engaged when injured and their relationship to: his duties; the reasonableness of employee's acts in relation to the sum total of conditions and circumstances constituting the work setting at the time of the injury; and finally, the knowledge and acquiescence of the employer in situations where acts incidental to employment are being done in violation of company rules. The pivotal question is whether the person's employment increased the hazard that led to the injury.

*Id.* (internal quotation and citation removed).

The Hatkes apparently accept that Terresa's injuries arose out of and in the course of her employment, because she filed claims with Fountain Trust's worker's compensation insurer and was reimbursed. Nevertheless, the Hatkes brought a tort claim lawsuit against Fiddler, alleging Fiddler negligently caused Terresa's injuries.

Worker's compensation is an employee's exclusive remedy against "the employer and, in some cases, against fellow employees." *Thiellen*, 530 N.E.2d at 767; *see also* Ind.Code § 22–3–2–6 ("The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee ... at common law or otherwise, on account of such injury...."). However, the Act creates an exception for some third parties:

> Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in *some other person than the employer and not in the same employ* a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article.

Ind.Code § 22–3–2–13 (emphasis added). Accordingly, an employee whose injuries arose out of and in the course of her employment may sue a third party who caused the injuries as long as the third party is "not in the same employ" as the employee. In other words, the Hatkes' tort claim against Fiddler is barred if Terresa and Fiddler were "in the same employ." Employees are in the same employ if "the personal injury occurs in the course of and arises out of the co-employee's employment." *Thiellen*, 530 N.E.2d at 768.

Just as Terresa's injuries arose out of and in the course of her employment with Fountain Trust, so did Fiddler's driving arise out of and in the course of her employment with Fountain Trust. Fiddler was required to travel from the meeting to her branch; she was being compensated for the time and the mileage to make that drive; and when she arrived at the branch, she was required to disseminate to her co-workers the information she learned during the meeting. Driving from the meeting to the branch increased the risk Fiddler would have an automobile accident, and Fountain Trust required her to do that driving. Accordingly, the accident arose out of and occurred in the course of Fiddler's employment with Fountain

Trust, such that she was in the same employ with Terresa when the accident occurred.

Because Terresa and Fiddler were in the same employ when the accident occurred, the exception provided in Ind.Code § 22–3–2–13 does not apply.[2] Therefore, Terresa's exclusive remedy for her injuries is to be found in the Worker's Compensation Act. As Ron's claim is derivative of Terresa's claim, it too must fail. The trial court did not err when it granted Fiddler's motion to dismiss.

Affirmed.

MATHIAS, J., and NAJAM, J., concur.

**2.** The Hatkes also claim public policy demands we reverse because "[i]f immunity is extended in cases such as this, two individuals employed by the same employer could be protected from liability regardless of their location or destination." (Appellants' Br. at 16.) We disagree, because " 'in the same employ' must be construed as requiring more than its literal meaning of merely having a common employer." *Thiellen*, 530 N.E.2d at 767. To be in the same employ at the time of an accident, the co-employee must be acting in the course of the co-employment and the injury must arise out of the co-employee's employment. Facts such as the location and destination of the two employees would help determine whether they were in the same employ when the accident occurred.