# FOR PUBLICATION



FILED

Nov 26 2013, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES E. AYERS**
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEY FOR APPELLEE:

**VAN A. NATION**
Nation Schoening Moll
Fortville, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SALLY THOMPSON, Widow of Dennis Thompson, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1302-EX-153 |
| | ) | |
| YORK CHRYSLER, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE INDIANA WORKER'S COMPENSATION BOARD
Full Board
Application Number C-189114

**November 26, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Sally Thompson, widow of Dennis Thompson, appeals the determination by the Indiana Worker's Compensation Board ("Board") that Dennis did not prove his injury was compensable. Sally raises two issues, which we restate as whether evidence supported the Board's findings of fact and whether the findings supported its conclusions of law. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In 2007, Dennis was a parts clerk at York Chrysler, a car dealership. Dennis had pre-existing medical conditions including a long-standing cardiac condition that required a pacemaker.

On August 2, 2007, a service technician at the dealership, Dan Blackford, went to the parts department to obtain a part. Dennis advised him it was unavailable. Blackford began verbally attacking Dennis, which Dennis believed affected his heart, and he obtained authorization to leave work. As Dennis walked through the shop to his truck, Blackford approached him again and continued the verbal altercation. According to Dennis, Blackford placed both of his hands on Dennis's chest, knocking him backwards onto the cement floor. Blackford, on the other hand, told police he was headed back to the parts department when he passed Dennis, the two argued, and Dennis turned towards him "flailing" his hands. (Appellee's App. at 26.) Blackford stated that he backed away, but when Dennis came within "reaching distance," Blackford blocked Dennis's hand with his right hand and extended his left arm causing Dennis to fall. (*Id.*)

Dennis was taken to St. Clare Medical Center where he complained of a headache and

2

pain in his left flank and shoulder. Following diagnostic tests, he was discharged with instructions to follow up with his family physician as needed. Dennis sought no further treatment for any condition related to the altercation for eight months, but then on April 22, 2008, he was evaluated at HOPE. counseling services.[1]

Dennis filed an Application for Adjustment with the Worker's Compensation Board of Indiana on October 10, 2007. He claimed Blackford assaulted and injured him. He requested medical expenses for his emergency room visit with St. Clare Medical Center, temporary total disability until his completion of treatment at HOPE Counseling Services, permanent partial impairment, and permanent total disability. Dennis claimed Blackford's assault caused or aggravated his mood disorder and depression.

Sally filed an Amended Application for Adjustment of Claim on July 6, 2011, notifying the Board that Dennis was deceased[2] and she was pursuing benefits on his behalf. A hearing before a single member of the Board was held on April 16, 2012. The single member denied Sally's amended claim on May 9, 2012. Sally filed an Application for Review by Full Board on June 5, 2012.

After a hearing, the Board adopted and revised the findings of the single member and affirmed the denial of Sally's Amended Application for Adjustment. The Board determined Sally had not met her burden to show Dennis's injuries arose out of and occurred in the

---

[1] Dennis sought counseling services to determine his need for treatment of depression, disability, and past assault at his workplace.

[2] Dennis died on March 22, 2011, from causes unrelated to the incident.

course of his employment:

1. The Board is not persuaded that the altercation that occurred on August 7, 2007 arose out of [Dennis's] employment with [York]. In other words, the Board finds it equally likely [Dennis] was the initial aggressor in the altercation that occurred.

2. [Sally on behalf of Dennis] has further not met [the] burden of proof of establishing that the conduct occurred in the course of employment. The initial exchange between the parties occurred over parts and the evidence is equivocal on the relationship to employment. The later exchange clearly did not occur in the course of employment and stemmed from no duty owed the employer.

3. As a result, the medical care and treatment [Dennis] received at the emergency room that day are found not to be statutory medical expenses.

4. Even if there were a sufficient nexus between [Dennis's] employment and the injuries he alleges he received on that day, the psychological injuries he later claims appear to be too remote from the occurrence to be related to his employment.

5. [Sally on behalf of Dennis] should take nothing by [her] Application for Adjustment of Claim filed October 10, 2007.

(Appellant's App. at 42.)

## DISCUSSION AND DECISION

In *Triplett v. USX Corp.*, 893 N.E.2d 1107, 1116 (Ind. Ct. App. 2008), we explained:

When reviewing a negative judgment, we will not disturb the Board's findings of fact unless we conclude that the evidence is undisputed and leads inescapably to a contrary result, considering only the evidence that tends to support the Board's determination together with any uncontradicted adverse evidence. *Cavazos v. Midwest Gen. Metals Corp.*, 783 N.E.2d 1233, 1239 (Ind. Ct. App. 2003). The Board is not obligated to make findings demonstrating that a claimant is not entitled to benefits; rather, the Board need only determine that the claimant has failed to prove entitlement to benefits. *Outlaw v. Erbrich Products Co.*, 777 N.E.2d 14, 26 (Ind. Ct. App. 2002) (citing *Hill v. Worldmark Corp./Mid America Extrusions Corp.*, 651 N.E.2d

4

785, 786 (Ind. 1995)), *trans. denied* (2003). "While this court is not bound by the Board's interpretations of law, we should reverse only if the Board incorrectly interpreted the Worker's Compensation Act." *Luz v. Hart Schaffner & Marx*, 771 N.E.2d 1230, 1232 (Ind. Ct. App. 2002). "We will construe the Worker's Compensation Act liberally in favor of the employee." *Id*.

The Board's findings of fact must be sufficiently specific to enable the reader to understand the Board's reasoning and the supporting evidence it used to reach the ultimate finding of fact. *Outlaw*, 777 N.E.2d at 26. We first review the Board's findings to determine if there is any competent evidence of probative value in the record to support them. *Triplett,* 893 N.E.2d at 1116. We then determine whether "those findings are sufficient to support the judgment." *Id*. We may not reweigh evidence or assess witness credibility. *Id*.

Employers are required by the Indiana Worker's Compensation Act ("IWCA") to "provide their employees with compensation for personal injuries caused by an accident arising out of and in the course of employment." *Outlaw*, 777 N.E.2d at 25. To receive worker's compensation benefits, a plaintiff must prove both elements. *Metro. Sch. Dist. v. Carter*, 803 N.E.2d 695, 697 (Ind. Ct. App. 2004). We review first the Board's finding Dennis's injuries did not occur in the course of employment. "An accident occurs 'in the course of employment' when it takes place within the period of employment, at a place where the employee may reasonably be, and while the employee is fulfilling the duties of employment or while engaged in doing something incidental thereto." *Id*. (quoting *Milledge v. Oaks*, 784 N.E.2d 926, 929 (Ind. 2003). An employer-controlled parking lot is an extension of the employer's premises. *Lawhead v. Brown*, 653 N.E.2d 527, 529 (Ind. Ct.

5

App. 1995). For purposes of IWCA coverage, an employee is within his period of employment and at a reasonable place for an employee when in the employer's parking lot directly after leaving work. *See id.* at 528 (the period of employment includes a reasonable time after the employee engages in work and is leaving the workplace).

The verbal confrontation between Dennis and Blackford began when Blackford discovered a part he sought was unavailable, and this same confrontation continued in the employer's shop as Dennis was leaving work. The record contains no suggestion the shop was not in a "reasonable place" for Dennis to be as he was leaving work, such that at all relevant times, Dennis was "within his period of employment." Furthermore, the physical interaction stemmed from and was part of the work-related verbal altercation, as evidenced by the parties' stipulation there was only one altercation or incident. Thus, the uncontroverted evidence leads inescapably to the conclusion that this altercation occurred in the course of Dennis's employment, and the Board's finding to the contrary must be overturned. *See Cavazos v. Midwest Gen. Metals Corp.*, 783 N.E.2d 1233, 1239 (we will not disturb the Board's findings unless the undisputed evidence leads to a contrary result).

Next, we review the Board's finding the injury did not arise out of Dennis's employment. An accident "arises out of" employment when "a causal nexus exists between the injury sustained and the duties or services performed by the injured employee." *Metro. Sch. Dist.*, 803 N.E.2d at 697 (quoting *Milledge*, 784 N.E.2d at 929). Injury from an assault by a co-worker may be compensable under the IWCA. *Global Constr., Inc. v. March*, 813 N.E.2d 1163, 1165 (Ind. 2004). "In determining whether decedent's injuries . . . arose out of

6

his employment, it is necessary to determine whether or not the decedent was the aggressor." *Armstead v. Sommer*, 126 Ind. App. 273, 278, 131 N.E.2d 340, 343 (Ind. Ct. App. 1956). "An employee injured in a fight with a fellow employee in which the employee is found to be the aggressor cannot have compensation." *Berryman v. Fettig Canning Corp*., 399 N.E.2d 840, 843 (Ind. Ct. App. 1980).

The claimant, here Sally, bears the burden to show the "injury arose out of" Dennis' employment. *See A Plus Home Health Care, Inc. v. Miecznikowski*, 983 N.E.2d 140, 143 (Ind. Ct. App. 2012) (claimant bears the burden of demonstrating injury arose out of and in the course of his employment). The uncontradicted evidence shows the confrontation between Dennis and Blackford stemmed from their work relationship.

The Board found: "The initial exchange between the parties occurred over parts and the evidence is equivocal on the relationship to employment. The later exchange clearly did not occur in the course of employment and stemmed from no duty owed the employer." (Appellant's App. at 42.) However, the Board could not find there were two altercations because the parties stipulated there was only one altercation, calling it the "oral altercation," (*id*. at 5), or "the altercation[.]" (*Id*. at 6.) The Board's parsing of the altercation into the "initial exchange" and the "later exchange," (*id*. at 42), was improper as a matter of law because the "Board cannot permit a stipulation to stand and then find contrary to it." *Princeton Mining Co. v. Earley*, 51 N.E.2d 382, 383 (Ind. Ct. App. 1943).

The evidence regarding who initiated the single altercation was that Blackford "started into [a] real bad verbal rampage to [Dennis]." (Tr. at 71.) That indicates Blackford was the

7

initial aggressor, and the evidence presented does not support the conclusions to the contrary by the Single Board Member or the Board. An injury from an assault by a co-worker may be compensable under the IWCA, *Global Constr., Inc. v. March*, 813 N.E.2d 1163, 1165 (Ind. 2004), and the only evidence presented was that Blackford was the aggressor.[3] Thus we must overturn the Board's finding to the contrary. *See Cavazos*, 783 N.E.2d at 1239 (we will not disturb the Board's findings unless the undisputed evidence leads to a contrary result).

For these reasons, we hold the Board's findings did not support its conclusion Dennis' injuries did not arise out of or occur in the course of his employment. Sally demonstrated Dennis was entitled to benefits. We accordingly reverse and remand for determination of the benefits she should receive on his behalf.

Reversed and remanded.

BAILEY, J., and BRADFORD, J., concur.

---

[3] The parties argue at length about whether Dennis could obtain worker's compensation benefits when the Board found Dennis was "equally likely" as Blackford to be the aggressor. (Appellant's App. at 42). As we hold that finding rests on other findings that impermissibly contradicts the parties' stipulations, we must also overturn the finding that Dennis was equally likely to be the aggressor. Therefore, we need not decide whether the ambiguous finding that the parties were equally likely to be the aggressor would justify denial of benefits. *See Berryman*, 399 N.E.2d at 843 (employee cannot have compensation if "employee is found to be the aggressor").