## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 09 2017, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Randal M. Klezmer
Nathan B. Maudlin
Klezmer Maudlin, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Paul T. Fulkerson
Skiles Detrude
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Pamela McBride, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Midwest Estate Buyers, LLC, <br> *Appellee-Defendant.* | June 9, 2017 <br><br> Court of Appeals Case No. 93A02-1612-EX-2920 <br><br> Appeal from the Indiana Worker's Compensation Board <br><br> The Honorable Linda Peterson Hamilton, Chairman <br><br> Application No. C-229470 |

**Robb, Judge.**

# Case Summary and Issue

[1] Pamela McBride appeals the decision of the Indiana Worker's Compensation Board ("Board") denying her claim for worker's compensation benefits. McBride raises two issues for our review which we consolidate and restate as whether McBride's injury arose out of her employment. Concluding her injury arose out of her employment, we reverse and remand.

# Facts and Procedural History

[2] McBride is an employee of Midwest Jewelers & Estate Buyers, a jewelry store in Zionsville, Indiana. Although not required to do so by management, McBride often wears nice clothing and tries to look stylish for customers of the store.

[3] On March 3, 2015, McBride was preparing her lunch when a customer arrived at the store. As McBride walked towards the customer, the zippers on the inside of her boots hooked together causing her to trip and fall. McBride attempted to brace her fall by grabbing a nearby chair. When she grabbed the chair, it swiveled and she fell to the floor. McBride suffered a right femoral neck fracture which required a hip replacement.

[4] In April of 2015, McBride filed her Application for Adjustment of Claim with the Board. A hearing before a Single Member of the Board was held on May 26, 2016. The Single Member denied McBride's claim on August 27, 2016, and McBride filed her Application for Review by the full Board shortly thereafter.

After a hearing before the full Board, the Board adopted the findings of the Single Member and affirmed the denial of McBride's Application for Adjustment of Claim. The Board determined McBride did not meet her burden to show her injury arose out of her employment. McBride now appeals.

# Discussion and Decision

## I. Standard of Review

On appeal from a decision of the full Board, we are bound by the Board's factual determinations. *Morris v. Custom Kitchen & Bath*, 64 N.E.3d 912, 916 (Ind. Ct. App. 2016), *trans. denied*. However, we may disturb the Board's factual determinations if we determine that the evidence is undisputed and leads inescapably to a result contrary to the one reached by the Board. *Id.*

Generally, the issue of whether an employee's injury or death arose "out of and in the course of" his or her employment is a question of fact to be determined by the Board. *Ind. Mich. Power Co. v. Roush*, 706 N.E.2d 1110, 1113 (Ind. Ct. App. 1999), *trans. denied*. But when the facts relating to the question of liability under the Worker's Compensation Act ("Act") are undisputed and lead to only one reasonable inference, the determination of whether an injury or death arose "out of and in the course of" employment is a question of law. *Sanchez v. Hamara*, 534 N.E.2d 756, 758 (Ind. Ct. App. 1989), *trans. denied*. We may reverse the Board's decision on a question of law if the undisputed evidence reveals that the Board's decision is an incorrect interpretation of law. *Duvall v.*

*ICI Americas, Inc.*, 621 N.E.2d 1122, 1124 (Ind. Ct. App. 1993). The burden rests with the claimant to prove a right to compensation under the Act. *Morris*, 64 N.E.3d at 916.

## II. Arising Out of Employment

[7] The Act mandates the payment of compensation to employees for "personal injury or death by accident arising out of and in the course of the employment . . . ." Ind. Code § 22-3-2-2(a). An injury occurs in the course of employment "when it takes place within the period of employment, at a place where the employee may reasonably be, and while the employee is fulfilling the duties of employment or while engaged in doing something incidental thereto." *Morris*, 64 N.E.3d at 916. An injury arises out of employment when a causal nexus exists between the injury sustained and the duties or services performed by the employee. *Id.*

[8] The parties do not dispute McBride's injury occurred in the course of her employment with Midwest Jewelers. Rather, the question is whether McBride's injury arose out of her employment. In order to meet her burden of proving that her injury arose out of her employment, McBride was required to establish the existence of a causal nexus between the injury she suffered and the duties or services she performed for Midwest Jewelers. *See id.* The required nexus is established "when a reasonably prudent person considers the injury to be born out of a risk incidental to the employment or when the facts indicate a connection between the injury and the circumstances under which the

employment occurs." *Pavese v. Cleaning Solutions*, 894 N.E.2d 570, 575 (Ind. Ct. App. 2008).

[9] Risks incidental to employment fall into three categories: (1) risks distinctly associated with employment, (2) risks personal to the claimant, and (3) risks neither distinctly employment nor distinctly personal in character. *Milledge v. Oaks*, 784 N.E.2d 926, 930 (Ind. 2003), *superseded on other grounds by* Ind. Code § 23-3-2-2(a). "Risks that fall within categories numbered one and three are generally covered under the . . . Act." *Id.* Those risks included within the first category are "[a]ll the things that can go wrong around a modern factory, mill, mine, transportation system, or construction project . . . [that are] the result of conditions inherent in the work environment." *Id.* (alteration in original) (internal quotation marks and citations omitted). Risks included within the second category, risks personal to the claimant, are those "caused by a pre-existing illness or condition unrelated to employment," and are not compensable. *Id.* (citation omitted). However, risks included within the third category are those intermediate risks that lie between distinctly personal risks or distinctly employment related risks. These risks may be a combination of employment and personal elements or a lesser degree of either element.

[10] In concluding McBride was not entitled to receive Worker's Compensation benefits, the Board adopted the conclusion of the Single Member that "[McBride's] fall and injuries were not as a result of her employment. . . . [McBride's] injuries resulted from a personal risk. She selected and purchased these boots on her own. She chose to wear them on the day of the incident

when she was not required to do so." Appellant's Appendix, Volume II at 7. McBride argues the Board erred in concluding her injury resulted from a risk personal to her.[1] We agree.

[11] In *Pavese*, an employee of a cleaning company was found unconscious on the floor of a business where she had been sent to provide cleaning services. 894 N.E.2d at 573. A medical examination resulted in a preliminary diagnosis of "an unexplained syncopal episode," but the physician also could not rule out the possibility of a fall due to slipping on the concrete floor. *Id.* at 574. Upon appeal following the denial of worker's compensation benefits, this court held that—although Pavese's injury had occurred in the course of her employment— she had failed to meet her burden of proving that her injury arose out of her employment. *Id.* at 578. This court noted the Single Hearing member found Pavese experienced an unexplained syncopal episode, such was "a personal event," and Pavese had not met her burden of proving she slipped on the concrete floor. *Id.*

[12] Unlike the factual scenario in *Pavese*, McBride testified her fall and injury was not the result of a pre-existing illness or condition, and there is no evidence to the contrary. Therefore, her fall was not a personal risk. *See Metro. Sch. Dist. of Lawrence Twp. v. Carter*, 803 N.E.2d 695, 699 (Ind. Ct. App. 2004) (noting that

---

[1] McBride also asserts the placement of the chair increased the dangerous effect of her fall and is subject to an increased risk analysis. *See Kovatch v. A.M. General*, 679 N.E.2d 940, 943-44 (Ind. Ct. App. 1997), *trans. denied*. However, McBride simply produced no evidence, through testimony or otherwise, that her employment or the placement of the chair increased the dangerous effects of her fall.

tripping is not a personal risk where it does not involve a pre-existing illness or condition). Although her choice of clothing and footwear is a personal choice and in this case was not dictated by company policy, an employee of a fine jewelry store would certainly be required to wear some form of footwear. Further, McBride testified she often dressed up and tried to look stylish for her work which involved meeting with customers. Therefore, we think McBride's case falls within the third category, those risks neither distinctly employment related nor distinctly personal in character.

[13] As noted above, our standard of review permits us to disturb the Board's factual findings if the evidence is undisputed and leads inescapably to a result contrary to that reached by the Board. We think this is such a case and we hold McBride's injury arose out of her employment with Midwest Jewelers. While her injury was the result of a personal choice of attire, the evidence was undisputed McBride dressed up and attempted to look stylish for work. Accordingly, we find McBride's injury stems from a risk that is neither distinctly employment related nor distinctly personal in character; therefore, her injury falls within the third category and is covered by the Act. *See A Plus Home Health Care, Inc., v. Miecznikowski*, 983 N.E.2d 140, 145 (Ind. Ct. App. 2012) (holding risks falling within category three are incidental to employment and covered by the Act), *trans. denied*. We therefore reverse the Board's decision and remand for further proceedings.

# Conclusion

The facts of this case lead inescapably to the conclusion that McBride's injury arose out of her employment with Midwest Jewelers, a decision contrary to the Board's. Accordingly, we reverse the Board's decision and remand for further proceedings.

Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.