## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 08 2020, 8:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David A. Anderson
Anderson & Associates, PC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Storrs W. Downey
Jeffrey E. Kehl
Bryce Downey & Lenkov LLC
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

Lora Brenner and
Shawn Brenner,

*Appellants-Plaintiffs,*

v.

Ignacio Chavez,

*Appellee-Defendant*

December 8, 2020

Court of Appeals Case No.
20A-CC-538

Appeal from the Delaware Circuit Court

The Honorable John M. Feick, Judge

Trial Court Cause No.
18C04-1612-CC-985

**Weissmann, Judge.**

[1] Ignacio Chavez wore many hats in his interconnected businesses where he worked with Lora Brenner. Lora Brenner worked for two of those businesses: a corporation in which Ignacio acted as president and employee and a limited liability company in which Ignacio was sole owner and managing member. Ignacio also owned the property on which the two businesses operated. When Lora became ill, allegedly due to workplace contaminants, she and her husband sued the businesses and Ignacio but found their efforts thwarted by the Worker's Compensation Act (WCA). The WCA operates as the sole recourse for employees injured on the job by the negligence of their employers or co-employees.

[2] After we found in a prior appeal that Ignacio could avoid some personal liability because he wore the hat of employee in the corporation, Ignacio attempted to avoid personal liability altogether by claiming he also wore the hat of employee of the LLC. The trial court agreed the WCA's exclusivity provision applied to Ignacio and dismissed the Brenners' claims against him. The Brenners appealed, arguing Ignacio never donned the employee hat at the LLC and the court possessed jurisdiction over their case. We agree Ignacio failed to establish he was an employee of the LLC but nonetheless conclude the trial court lacked jurisdiction. Therefore, we affirm the trial court's dismissal.

## Facts

[3] This is the second time this case has come before us. In the Brenners' first interlocutory appeal, we determined that under the Indiana Workers'

Compensation Act (WCA), Ignacio failed to establish that he was an employee of All Steel Carports and Buildings, LLC (the LLC). *Brenner v. All Steel Carports, Inc., et al.*, 122 N.E.3d 872, 879 (Ind. Ct. App. 2019) ("*Brenner I*"); *see* Ind. Code § 22-3-1 *et seq.* That decision preserved Lora's premises liability claims against Ignacio. On remand, Ignacio attempted to cure that evidentiary omission by filing a motion to dismiss asserting he was an employee, as well as officer and member, of the LLC. Appellant's App. Vol. II, pp. 32-33. Ignacio contended that because he was Lora's co-employee in the LLC, the WCA was the Brenners' exclusive remedy. *Id.* at 33.

[4] The trial court granted Ignacio's motion to dismiss, summarily finding the court lacked subject matter jurisdiction over the Brenners' claims against Ignacio. *Id.* at 21. Given its context, that ruling necessarily meant the trial court found: 1) Ignacio was an employee of the LLC; 2) the WCA precluded the Brenners' third-party lawsuit against him because he was an employee of the LLC and, therefore, a co-employee of Lora; and 3) the WCA was the Brenners' sole remedy for Ignacio's alleged negligence as owner of the land on which Lora worked. This Court accepted jurisdiction of this appeal under Indiana Appellate Rule 14(B).

## Discussion and Decision

[5] The Brenners contend in this second interlocutory appeal, as they did in the first, that the trial court erroneously ruled it lacked subject matter jurisdiction over their premises liability claims against Ignacio. We find Ignacio failed to

establish he was an employee of the LLC, but the trial court nonetheless lacks subject matter jurisdiction over the Brenners' premises liability claims because the Record shows the WCA was Lora's exclusive remedy.

[6] In ruling on a motion to dismiss for lack of subject matter jurisdiction under Ind. Trial Rule 12(B)(1), the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. 2001). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. *Id.*

[7] The standard of review on appeal is a function of the trial court proceedings. *Id.* The standard of review depends on: (i) whether the trial court resolved disputed facts; and (ii) if so, whether it conducted an evidentiary hearing or ruled on a "paper record." *Id.* If the facts before the trial court are not in dispute, the question of subject matter jurisdiction is purely one of law, and we apply a *de novo* standard of review. When reviewing a judgment *de novo*, we treat the issue as if we were the first court in the case to consider the issue, with no deference given to the trial court's judgment. *Ind. Dept. of Env't Mgmt. v. Constr. Mgmt. Assocs., L.L.C.*, 890 N.E.2d 107, 112 (Ind. Ct. App. 2008). *De novo* review also applies if, as here, the facts before the trial court are in dispute but the trial court conducts no evidentiary hearing. *GKN*, 744 N.E.2d at 400.

## I. WCA and Co-Employees

[8] The WCA provides the exclusive remedy for recovery of personal injuries arising out of and in the course of employment. Ind. Code §§ 22-3-2-2, -6. This

exclusive remedy provision applies to the employee as well as the employee's dependents and next of kin. I.C. § 22-3-2-6. However, the WCA specifically permits a lawsuit by an injured employee against wrongdoers who are neither the employee's employer or "in the same employ" – that is, a fellow employee. Ind. Code § 22-3-2-13.

[9] The sole issue raised in Ignacio's motion to dismiss granted by the trial court is whether Lora was barred from suing Ignacio because he was her fellow employee in the LLC and not a third party within the meaning of I.C. § 22-3-2-13. A member or manager in a limited liability company may be considered an "employee" of the company for purposes of the WCA exclusivity provisions only if the LLC specifically designates him so in the manner required by Ind. Code 22-3-6-1(b)(9). As Ignacio presented no evidence he had followed those statutory procedures—neither party even cited that statute in the trial court or on appeal—he cannot be deemed an employee of the LLC.

[10] However, this legal conundrum serves as a red herring. We already found Ignacio to be a fellow employee of Lora at All Steel Carports, Inc. Accordingly, the trial court lacked subject matter jurisdiction over the Brenners' claims against Ignacio. The trial court reached the right decision—dismissal— but in response to the wrong question.

## II. Subject-Matter Jurisdiction

[11] As previously noted, the WCA authorizes an employee to sue a third party for work injuries only when the third party is neither the employer nor "in the same

employ." I.C. § 22-3-2-13. Employees are "in the same employ" if the personal injury occurs in the course of and arises out of the co-employee's employment. *Hatke v. Fiddler*, 868 N.E.2d 60, 64 (Ind. Ct. App. 2007). The purpose of the "in the same employ" requirement is to require some nexus between the employment of the third party and the injury beyond that of a shared employer. *Thiellen v. Graves*, 530 N.E.2d 765, 767 (Ind. Ct. App. 1988).

[12] Lora's claims against Ignacio arise from her alleged exposure to contaminants while she was working at the two All Steel businesses on Ignacio's land. Prior to *Brenner I*, the trial court dismissed the Brenners' claims against the two All Steel defendants on the grounds it lacked subject matter jurisdiction and the WCA was the Brenners' sole remedy. *Brenner I*, 122 N.E.3d at 876. The Brenners did not appeal that dismissal. *Id.* n.1. That final judgment necessarily constituted a finding that Lora's alleged injury arose out of and in the course of her employment with the two All Steel businesses. *See* I.C. §§ 22-3-2-2, -6 (specifying WCA only applies to injuries arising out of and in the course of employment).

[13] We determined in *Brenner I* that Ignacio, who served as President of All Steel Carports, Inc., also was an employee of the corporation for purposes of I.C. § 22-3-2-13. *Brenner I*, 122 N.E.3d at 878. Our conclusion was based on Ind. Code § 22-3-6-1(b)(1), which provides that an executive officer elected or appointed and empowered in accordance with the charter and bylaws of a corporation . . . is an employee of the corporation under IC 22-3-2 through IC 22-3-6." *Id.* The parties in *Brenner I* focused on the application of the WCA as

it defines employment status, and thus this Court in *Brenner* I did not determine whether Ignacio's role as a fellow employee of Lora at All Steel Carports, Inc. deprived the trial court of subject matter jurisdiction over the Brenners' claims against Ignacio as landowner. Yet, Lora's alleged personal injury arose out of and in the course of her employment with that corporation, of which Lora and Ignacio were employees. They shared not only the same employer but also the same workplace, which Ignacio owned. Ignacio and Lora were "in the same employ"—an unavoidable conclusion dispositive of subject matter jurisdiction.

[14] This is not a novel decision. Other Indiana appellate courts have ruled an injured employee cannot sue a fellow employee as a third party even if that employee owns the land on which the injuries occurred. For instance, in *Jackson v. Gibson*, 409 N.E.2d 1236, 1238-39 (Ind. Ct. App. 1980), *reh. denied*, we found the WCA barred a realty corporation's custodian injured on the job from suing the president and sole shareholder of that corporation who also individually owned the business premises. In *Northcutt v. Smith*, 642 N.E.2d 254, 258 (Ind. Ct. App 1994), we found the WCA barred an employee from suing his supervisor for an injury the employee suffered while working on the supervisor's land. Both *Jackson* and *Northcutt* require a finding that the trial court lacked jurisdiction over the Brenners' claims against Ignacio as

landowner, given the earlier judgment finding Ignacio and Lora were co-employees at All Steel Carports, Inc.[1]

[15] Accordingly, the trial court properly granted Ignacio's amended motion to dismiss Counts II, IV, and VI of the Brenners' Second Amended Complaint.

[16] The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.

---

[1] To the extent this decision impairs the Brenners' ability to recover for injuries Ignacio allegedly caused, the Indiana General Assembly is the appropriate source for change. *See Procare Rehab. Servs. of Cmty. Hosp.* v. *Vitatoe*, 888 N.E.2d 349, 355–56 (Ind.Ct.App.2008) (acknowledging unfairness in observation that pursuant to WCA, hospital employee injured during course of employment may not recover for negligent aftercare provided by employer-hospital or fellow employees, although construction worker injured during course of employment who receives negligent aftercare from same hospital would be able to pursue third party claim against hospital).